## The County of Cook

### *v.*

### John J. Healy, State's Attorney.

*Opinion filed June 14, 1906—Petition stricken October 3, 1906.*

1. Statutes—*effect where an amendatory act is void in part.* Where there is an attempted repeal of an act by a statute which is void, the former act remains in force; but if the amendatory act is valid in some of its provisions it cannot be said that some particular provision of the former act, if it has but one section, remains in force.

2. Fees and salaries—*section 2 of the act of 1901, relating to State's attorney of Cook county, is void.* Section 2 of the act of 1901, (Laws of 1901, p. 207,) fixing the salary of the State's attorney of Cook county, is void because of alterations and irregularities in its passage, but the other sections of the act are unaffected and valid; and as the act of 1871, relating to the salaries of judges of the circuit and superior courts and the State's attorney of Cook county, is thereby repealed, there is no law in force fixing the salary to be paid by the county of Cook to its State's attorney.

3. Constitutional law—*section 25 of article 6 of constitution construed.* The words "salary" and "compensation," used in section 25 of article 6 of the constitution, providing that judges of the superior and circuit courts and the State's attorney of Cook county shall receive the same salary from the State as other circuit judges and State's attorneys in the State and such further compensation to be paid by Cook county as may be provided by law, are used interchangeably, and as so used have the same meaning.

4. Same—*rule of contemporaneous construction of a doubtful provision.* Where the words of a constitutional provision admit of doubt, courts should consider a contemporaneous and practical construction of such provision given by the legislature and those concerned in the administration of the law, and also the injurious consequences which would follow a different construction; and if such a construction has been long continued and acquiesced in by the public, it may be equal in force to a judicial construction.

5. State's attorneys—*right of State's attorneys to retain fees.* In view of the uncertainty of the language of section 25 of article 6 of the constitution, and the practical construction given thereto by the various acts of the legislature in permitting State's attorneys to retain fees in addition to the salary paid by the State and county,

such provision will not be held to restrict the compensation of State's attorneys to the salary paid to them by the State and county or to require them to pay over to the county all fees collected by them in excess of such salary.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

HARRY A. LEWIS, County Attorney, WILLIAM F. STRUCKMANN, and FRANK L. SHEPARD, for appellant:

The salary of the State's attorney of Cook county is fixed by statute, in accordance with the express limitations of the constitution, at the sum of $400, payable out of the State treasury, and in addition thereto the sum of $6600 under the old law or $9600 under the act of May 10, 1901, payable out of the county treasury. All fees and earnings of the office of State's attorney of Cook county above the amount of his salary must be paid into the county treasury. Const. art. 10, secs. 9, 10, and art. 6, secs. 25, 32; *Nye* v. *Foreman,* 215 Ill. 285; *Foreman* v. *People,* 209 id. 567; *People* v. *Gaulter,* 149 id. 39; *County of Cook* v. *Hartney,* 169 id. 566.

The provision of the act of May 10, 1901, that all fees as provided by statute and earned by the State's attorney of Cook county shall be paid into the county treasury of Cook county, is separable from the other provisions of that act, and does not fall by reason of the alleged error which intervened in the enacting and signing thereof. *Berry* v. *Railroad Co.* 41 Md. 446; *Stein* v. *Leeper,* 78 Ala. 517.

CHARLES H. HAMILL, and WORTH E. CAYLOR, for appellee:

Section 2 of the act passed by the General Assembly on May 10, 1901, affecting the salary of judges of the circuit and superior courts and of the State's attorney of Cook county, is unconstitutional and invalid, in that the law as signed by the Governor and the presiding officers of both

houses of the legislature contains a provision that is different from that as passed by the General Assembly. *Spangler* v. *Jacoby,* 14 Ill. 297; *People* v. *Starne,* 35 id. 121; *Ryan* v. *Lynch,* 68 id. 160; *People* v. *Knopf,* 198 id. 340; *Railroad Co.* v. *People,* 143 id. 434; *Turley* v. *Logan County,* 17 id. 151; *South Ottawa* v. *Perkins,* 94 U. S. 260.

The State's attorney of Cook county is entitled to the fees earned, under the Fee and Salary act, as his own property. Const. art. 6, sec. 25; Starr & Cur. Stat. chap. 53, sec. 8; *People* v. *Nedrow,* 122 Ill. 363.

The State's attorney of Cook county is a State officer, and the fees earned by him are not affected by section 10 of article 10 of the constitution. Const. art. 6; *Wulff* v. *Aldrich,* 124 Ill. 597.

The long, contemporaneous, uniform and practical construction of the constitutional provisions affecting the State's attorney of Cook county, and the acts of the legislature and the conduct of the executive officers charged with the enforcing of such provisions, control the inquiry as to the true meaning of the constitutional provision and the statute under consideration. *Nye* v. *Foreman,* 215 Ill. 285.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county of Cook, appellant, brought this suit in assumpsit in the circuit court of Cook county against John J. Healy, State's attorney of said county, appellee, to recover $7151 fees collected by appellee from December 5, 1905, to February 28, 1906, inclusive. The declaration consisted of the common counts for money had and received for the use of the plaintiff, and the plea was the general issue.

It appears that during the period in which the fees were collected the defendant was paid from the State and county treasuries his salary in full at the rate of $10,000 per annum, under the provisions of an act entitled "An act to amend an act entitled 'An act providing for the payment by the county

of Cook of further compensation to the judges of the circuit
and superior courts and State's attorney of said county, re-
spectively,' approved April 13, 1871, in force July 1, 1871,"
(Laws of 1901, p. 207,) and for the purposes of this suit
plaintiff conceded that defendant was entitled to such salary,
but contended that the fees earned and collected by him
should be paid into the county treasury.   The defense made
was, that section 2 of said act was altered in a material re-
spect after it was passed by the legislature and before it was
signed and approved by the Governor, and therefore did not
become a law, and that the previous law allowing the de-
fendant to retain fees earned and collected as his personal
perquisites remained in force.   The act as approved by the
Governor is as follows:

"Section 1. *Be it enacted by the People of the State of
Illinois, represented in the General Assembly:* That an act
entitled, 'An act providing for the payment by the county
of Cook of further compensation to the judges of the circuit
and superior courts and State's attorney of said county, re-
spectively,' approved April 13, 1871, in force July 1, 1871,
be and the same is hereby amended to read as follows: That
the judges of the circuit and superior courts of Cook county
hereafter to be elected shall each be paid by the said county,
in addition to the salaries which may be paid to them from
the State treasury, such further compensation as will make
their respective salaries amount to the sum of $10,000 per
year.

"Sec. 2. That the State's attorney of Cook county here-
after to be elected shall be paid by said county, in addition to
the salary which may be paid to him from the State treasury,
such further compensation as will make his salary amount
to the sum of $10,000 per year, and shall be in full for all
services of the State's attorney of Cook county, and all fees
as provided by statute and earned by the State's attorney of
Cook county shall be paid into the county treasury of Cook
county.

"Sec. 3. That the said compensation shall be paid in equal quarterly installments; and it shall be the duty of the county clerk of said county, at the end of each and every quarter of the year, to draw an order or warrant therefor in favor of each of said judges and State's attorney, respectively, on the county treasurer of said county, whose duty it shall be to pay the same on presentation properly endorsed."

At the trial the plaintiff submitted a proposition of law that all fees or allowances received by the State's attorney of Cook county in excess of his compensation, with the necessary clerk hire, stationery, fuel and other expenses, must be paid into the county treasury of said county. The court refused to hold the proposition and found the issues for the defendant, and rendered judgment accordingly. The validity of the statute being in question, an appeal was prosecuted to this court.

It was admitted that the defendant had collected and retained the fees sued for, and on his part it was proved that the sum of money named in section 2 of the act as his salary was $12,000 when the act was passed by the legislature, but that said sum had been altered to $10,000 when the act was signed and approved by Governor Yates. A material provision of that section had been altered, and the legislature and Governor did not concur in the same provision as to the amount of compensation to be paid to the State's attorney. Section 2 was therefore void and must be treated as a nullity. The previous act provided that the judges of the circuit and superior courts and the State's attorney of Cook county should each be paid, in addition to the salaries paid to them from the State treasury, such further compensation as would make their respective salaries amount to the sum of $7000. The act of 1901 is an amendatory act, and purports to amend the previous act "to read as follows," etc. Where there is an attempted repeal of an act by a statute which is void, the previous act remains in force; but if this amendatory act is valid in any of its provisions it cannot be said that some

particular provision of the act of 1871 is still in force. The provisions for the salaries of the judges and State's attorney were contained in a single section of the act of 1871, and if this amendatory act is valid with the exception of section 2, there is no act in force under which the State's attorney is entitled to any salary whatever from the county of Cook. Whether the other portions of this act are void is to be determined upon consideration of the relation of section 2 to the other sections and the manner and extent to which that section affects the remainder. The other sections are not in any manner connected with section 2 in meaning, subject matter or execution, and we see no reason for saying that the legislature would not have passed the act relating to the salaries of the judges without including section 2 as to the State's attorney. Striking out section 2, the other sections can be executed as effectually as if it should be retained. The different sections not being connected in substance, the invalidity of section 2 does not affect the remainder of the act. (*Knox County* v. *Davis*, 63 Ill. 405; *Noel* v. *People*, 187 id. 587.) There is therefore no statute providing for the payment of salary by the county of Cook to the State's attorney.

It is contended that the court erred in refusing to hold the proposition of law submitted, and in the finding and judgment, because of the provision of section 25 of article 6 of the constitution, which is as follows: "The judges of the superior and circuit courts, and the State's attorney, in said (Cook) county, shall receive the same salaries, payable out of the State treasury, as is or may be paid from said treasury to the circuit judges and State's attorneys of the State, and such further compensation, to be paid by the county of Cook, as is or may be provided by law; such compensation shall not be changed during their continuance in office." That section specifically provides that the State's attorney of Cook county shall receive as his compensation, which shall not be changed during his continuance in office, a salary, part of

which is to be paid out of the State treasury, and a further amount to be provided by law and paid by the county of Cook. Counsel for appellee make much of some supposed distinction between the words "salary" and "compensation," as used in that section, but we see no difference in meaning between the two, and are unable to understand what the distinction amounts to as applied to this case, if there is any. The words are used interchangeably, and the section provides that the State's attorney is to receive for the performance of his duties, money to be paid by the State and the county of Cook. It is beyond question that neither the salary to be paid by the State nor the compensation to be paid by the county of Cook has any reference whatever to fees collected from individuals or retained as commissions for the performance of official duties. The only open question is whether the amounts paid by the State and by the county were intended to be the full compensation of the State's attorney for the performance of the duties of his office, or whether it was intended that he should have such amounts and any further compensation which the legislature might choose to provide. Under ordinary rules of construction it would seem that the compensation was intended to be limited to the two sources named, and that view is strengthened by the general intent manifested in the constitution to provide for paying public officers fixed salaries, and that all fees, perquisites and emoluments of offices should be paid into the public treasury. That intent pervades the whole constitution, and is clearly manifested in the provisions of article 5, relating to State officers, and of article 10, relating to the compensation of county officers. The State's attorney is a county officer, and his status, as such, is fixed by the constitution, which creates his office. He is elected for and within a county to perform his duties therein, and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner and other officers connected with the administration of justice within the county. The constitution

provides for paying a salary for the performance of his offi-
cial duties, and there is great force in the argument that the
salary, when fixed, was intended to be his only compensa-
tion, and that there was no intention to perpetuate, as to
him, the system previously in vogue of allowing public offi-
cials to appropriate whatever fees they could earn and col-
lect.   If the determination of the question here involved
were not influenced by other considerations than the language
of the constitution, we should have but little hesitation in
finding that the provision of section 25 for compensation
was intended to be exclusive.   It cannot be said, however,
that the intent as to State's attorneys was expressed in the
same clear and unambiguous form that it was with respect
to other officers, and in view of the long continued practical
construction given to the constitution by the legislature and
the administrative officers of the State, and the injustice that
would follow from a different construction at this time, we
are led to sustain the judgment of the circuit court.

If it could be said that the language of the constitution
was clear and free from any doubt, a contrary legislative and
administrative construction would have no weight.   (*Jarrot*
v. *Jarrot*, 2 Gilm. 1.)   But where the words of a constitu-
tional provision admit of doubt, the court may and ought
to consider a contemporaneous and practical construction
given by the legislature and those concerned in the admin-
istration of the law, and also any injurious consequences
which would follow a different construction.   Where a par-
ticular construction has been given to a provision and it has
been continued for a long term of years and acquiesced in
by the public at large, such construction is entitled to great
weight and may be equal in force to a judicial construction.
*Bruce* v. *Schuyler*, 4 Gilm. 221; *Bunn* v. *People*, 45 Ill. 397;
*Nye* v. *Foreman*, 215 id. 285; 8 Cyc. 736; Cooley's Const.
Lim. 67; 26 Am. & Eng. Ency. of Law, (2d ed.) 633.

The first legislature after the adoption of the constitu-
tion passed an act in force July 1, 1872, allowing to the sev-

eral State's attorneys in the State for services to be rendered by them, an annual salary of $400 to be paid by the State and also certain fees and commissions. That act was amended in 1883 by allowing fees in other cases and increasing the amount of the fees. The School law passed by the first legislature required the State's attorneys to collect fines, forfeitures and penalties and pay them over to the county superintendent of schools, retaining therefrom the fees and commissions allowed them by law. The legislature have continuously since the adoption of the constitution passed acts which clearly give the construction contended for by defendant, and the acts have received the approval of the executive department and have been acted upon without objection. It is matter of common knowledge that the State's attorneys throughout the State have collected and retained the fees allowed them by the statutes, and their reports showing the same have been made and approved. The salaries fixed under section 25 of article 6 of the constitution were established in view of the allowance and retention of the fees, and it is manifest that great injustice would result from now giving to the constitution a different construction. Under such circumstances the long continued legislative and administrative construction given to the constitution must prevail, and it must be held that the court did not err in refusing the proposition of law that the fees collected by defendant should have been paid into the county treasury. The defendant is allowed a salary of $400 by the State and the fees earned and collected for services performed by him, but there is no law in force which allows to him any salary to be paid by Cook county.

The judgment is affirmed.          *Judgment affirmed.*