THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN WILLIAMS, Appellant.

*Opinion filed February 20, 1908.*

OFFICERS—*act of 1907, increasing fees of State's attorneys, does not apply to those then in office.* The act of 1907, relating to fees of State's attorneys, (Laws of 1907, p. 329,) does not apply to State's attorneys serving unexpired terms when the act took effect, since the State's attorney is a county officer, whose compensation during his term of office cannot, under section 10 of article 10 of the constitution, be increased or diminished.

APPEAL from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding.

J. C. SEYSTER, and FRANK WERTZ, for appellant.

S. W. CROWELL, State's Attorney, and FRANK E. REED, (FRANK G. PLAIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant was convicted in the circuit court of Ogle county on his plea of guilty to five counts of an indictment for selling intoxicating liquor without having a license to keep a dram-shop, and was sentenced to pay a fine of $20 and costs on each count. In taxing the costs the clerk taxed $75 in favor of the State's attorney, being a fee of $15 on each count. Appellant made a motion to re-tax the costs so as to charge him with only $5 on each count, showing that the State's attorney was elected in 1904 and is now serving the term for which he was then elected and is entitled to a fee of $5, only, on each count. The court denied the motion to re-tax the costs, and from this order the defendant, insisting that such construction of the law violates the constitution, has appealed directly to this court.

Prior to July 1, 1907, the State's attorney was entitled to a fee of $5 on each count of an indictment for a misdemeanor on which a conviction was had. (2 Starr & Cur. Stat. chap. 53, sec. 8.) By the act of 1907 this fee was increased to $15 on each count. (Laws of 1907, p. 329.) The only question presented by this record is whether this statute applies during the current term of a State's attorney who was in office on July 1, 1907, when the law went into effect.

Section 10 of article 10 of the constitution directs that the county board shall fix the compensation of all county officers, and provides that "the compensation of no officer shall be increased or diminished during his term of office."

Section 11 of article 9 provides that "the fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office, shall be increased or diminished during such term."

"The State's attorney is a county officer, and his status as such is fixed by the constitution, which creates his office. He is elected for and within a county to perform his duties therein, and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner and other officers connected with the administration of justice within the county." (*Cook County* v. *Healy,* 222 Ill. 310.) And in that case it was held that the State's attorney had the right to collect and retain all the fees allowed by the statute. In *Wulff* v. *Aldrich,* 124 Ill. 591, it was held that the provisions of section 10 of article 10 of the constitution applied to all county officers. It was held in *Jimison* v. *Adams County,* 130 Ill. 564, and *County of Cook* v. *Sennott,* 136 id. 314, that a county was a municipal corporation and its officers municipal officers within the meaning of section 11 of article 9 of the constitution. Accordingly it was held in *Jimison* v. *Adams County, supra,* that a county superintendent of schools was a municipal officer, and in *Cook County* v. *Sennott, supra,* that a clerk of the probate court was a municipal officer, and in each case that the compensation of the officer could not be increased or diminished during his term of office. Those cases are conclusive of this. The State's attorney is entitled to all the fees taxed. They are part of his compensation. To increase the fees is to increase his compensation. The legislature has no power to do this.

The judgment is reversed and the cause remanded, with directions to cause the fees of the State's attorney to be re-taxed at $5 on each count.

*Reversed and remanded, with directions.*