FRANK F. BUTZOW, Appellant, *vs.* JAMES W. KERN *et al.*
Appellees.

*Opinion filed October 6, 1914.*

1. CONSTITUTIONAL LAW—*when salary of a county officer need not be fixed by county board.* Under sections 22 and 32 of article 6 of the constitution a county officer provided for in the constitution whose term of office, powers, duties and salary are to be such as may be prescribed by law is not within the class of county officers whose salaries must, under section 10 of article 10 of the constitution, be fixed by the county board. (*Jimison* v. *Adams County,* 130 Ill. 558, followed.)

2. SAME—*State's Attorney Salary act of 1912 is constitutional.* The State's Attorney Salary act of 1912 is fully authorized by sections 22 and 32 of article 6 of the constitution and is not in conflict with section 10 of article 10 of the constitution, requiring the salaries of county officers to be paid by the county board, as such section has no application to State's attorneys.

APPEAL from the Circuit Court of Iroquois county; the Hon. F. L. HOOPER, Judge, presiding.

KERR & LINDLEY, for appellant.

J. W. KERN, C. G. HIRSCHI, and STEAD, LINCOLN & FITCH, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

The appellant, Frank F. Butzow, is a resident and tax-payer of Iroquois county, in this State. Appellee James W. Kern is the State's attorney, appellee Clarence South the county clerk and appellee George P. Heikes the treasurer of that county. On June 5, 1913, appellant filed his bill in chancery in the circuit court of that county against the appellees, both as individuals and as such respective officers, praying for an injunction enjoining said Kern from collecting, and the county clerk from issuing and the county treasurer from paying any vouchers from the funds in the

county treasury to the said Kern as salary as State's attorney, as provided by the act of June 11, 1912, fixing the salaries of the State's attorneys in the several counties of this State. The bill, among other things, charges that Iroquois county contains a population of not less than 30,000 nor more than 50,000; that prior to December 2, 1912, the county board of that county did not fix the compensation for the office of State's attorney for the ensuing four years or of the necessary clerk hire; that during the month of February, 1913, the board of supervisors passed a resolution directing the county clerk of that county to issue a county order to James W. Kern, as State's attorney of that county, for the sum of $775, being his salary and expenses for the first quarter; that in compliance with that resolution the county clerk issued an order on the treasurer of said county for the sum of $775, payable to the order of said Kern, for his services as State's attorney of said county for the months of December, 1912, and January and February, 1913, which order was received by said Kern, as State's attorney, and paid by the county treasurer of that county, and that unless enjoined vouchers will continue to be issued to said Kern by the county clerk and paid by the county treasurer from the funds of the county to said Kern as his salary as State's attorney of the county. The bill further charges that said act fixing the compensation of State's attorneys in the several counties of this State is in conflict with section 10 of article 10 of the constitution of this State, and therefore unconstitutional and void, and, consequently, that the board of supervisors has no authority to direct the county clerk to issue an order to said Kern on the county treasurer for his salary as such State's attorney, and prays that an injunction may be issued enjoining and restraining Clarence South, as county clerk, and his successors in office, from issuing any further orders on the county treasurer to the said Kern as and for his salary for his services as State's attorney, that the county treasurer

may be enjoined from paying any such order, and that said Kern may be enjoined from receiving, cashing, selling or disposing of any such orders. The appellees interposed a general demurrer to the bill, which was sustained, and appellant electing to abide by his bill, a decree was entered dismissing the same for want of equity. From that decree an appeal has been prosecuted to this court on the ground the law fixing the salaries of the State's attorneys in the several counties of this State is unconstitutional and void.

The constitutionality of the State's Attorney Salary law is the only question argued in this court. The material provisions of that law are, in substance, as follows: Section 1 provides that the State's attorneys hereinafter elected in the several counties of this State shall be allowed the following annual salaries: In counties not exceeding 30,000 inhabitants the sum of $100 for each 1000 inhabitants in addition to what is now provided by law to be paid by the State, the maximum not to exceed the sum of $2500 per annum; in counties containing not less than 30,000 nor more than 51,000 inhabitants the sum of $3500 per annum; in counties containing not less than 51,000 inhabitants nor more than 100,000 the sum of $5000 per annum in the aggregate, which shall include the salary now provided by law to be paid by the State; in counties containing not less than 100,000 nor more than 250,000 inhabitants the sum of $6000 per annum, and in counties of more than 250,000 inhabitants the sum of $10,000 per annum, the population to be ascertained by the last census immediately previous to the election of the State's attorney in each county. Section 2 provides for the appointment of assistant State's attorneys, the number and the salaries of which are to be fixed by the county board, the salaries to be paid from the county treasury. Section 3 provides that the salary of the State's attorney, excepting that part which is to be paid from the State treasury, as now provided by law, shall be paid from the county treasury of the county in

which the State's attorney resides, in quarterly installments, on the order of the county board, and that the fees that now are or may hereafter be provided by law to be paid by defendants as State's attorney's fees shall be taxed as costs, and when collected shall be paid into the county treasury and become a part of the general funds of the county. Section 4 requires the State's attorney to make a report of the collection and payment of fines to the proper authority, as provided by law, and that he shall have no further interest in the fines, convictions, fees, penalties or moneys collected. Section 5 repeals all laws and parts of laws in conflict therewith, and section 6 specifically repeals the act of June 5, 1911, fixing the salaries of the State's attorneys and assistants in the several counties of this State. (Hurd's Stat. 1913, chap. 53, pars. 8*i et seq.*)

By the act of June 27, 1913, sections 3 and 4 of the act of 1912 were amended so that by section 3 the fines, fees, forfeitures and penalties collected by the State's attorney are created a special fund, out of which shall be paid the salaries of the State's attorney and his assistants and the other expenses of his office, the balance remaining on the first of July in each year, after paying the installments of salaries due and other expenses, and a sufficient sum to pay the next quarterly installment of salaries and expenses of the office of the State's attorney, to be paid to the county superintendent of schools, to be distributed by him as the school fund of the county, according to the law relating to the distribution of school funds. By the amendment to section 4 it was made the duty of the State's attorney to report to each term of the circuit court all fees, fines, forfeitures and penalties collected that have been paid into the county treasury, and that the State's attorney should have no further interest in such fund or the moneys collected by virtue of his office.

Appellant insists that the State's attorney is a county officer, and that by virtue of section 10 of article 10 of the

constitution it is the duty of the county board to fix his compensation, and the act of the legislature fixing the salaries of the State's attorneys in the several counties of the State is unconstitutional and void, for the reason that it is in conflict with that section of the constitution. Appellees insist that the provisions of section 10 of article 10 of the constitution have no application to the office of State's attorney, which is created by section 22 of article 6 of the constitution, the thirty-second section of which article provides the manner of fixing his salary. Section 22 provides as follows: "At the election for members of the General Assembly in the year of our Lord 1872, and every four years thereafter, there shall be elected a State's attorney in and for each county in lieu of the State's attorneys now provided by law; whose term of office shall be four years." Section 32 is as follows: "All officers provided for in this article shall hold their offices until their successors shall be qualified, and they shall, respectively, reside in the division, circuit, county or district for which they may be elected or appointed. The terms of office of all such officers, where not otherwise prescribed in this article, shall be four years. All officers, where not otherwise provided for in this article, shall perform such duties and receive such compensation as is or may be provided by law."

In *Jimison* v. *Adams County,* 130 Ill. 558, we held that where the constitution provides for the creation of an officer whose term of office, powers, duties and salary were to be such as may be prescribed by law, such officer did not belong to the class of county officers whose salaries should be fixed by the county board under the provisions of section 10 of article 10 of the constitution. It was there said: "Section 5 of article 8 of the constitution provides as follows: 'There may be a county superintendent of schools in each county, whose qualifications, powers, duties, compensation and time and manner of election and term of office shall be prescribed by law.' This provision vests the

power of fixing the compensation of county superintendents of schools in the legislature of the State. Therefore such superintendents do not belong to that class of county officers whose compensation is to be fixed by the county board, as provided in section 10 of article 10 of the constitution." The same rule should be applied in construing the provisions of section 32 of article 6, *supra,* which are equally as specific as to the manner in which the salaries of the officers provided for in that article are to be paid as the provisions of section 5 of article 8, *supra,* providing for the office of county superintendent of schools and the manner in which his salary is to be paid, and they should be similarly construed. Section 32 specifically provides that all officers created by that article, of which section 22, creating the office of State's attorney, is a part, where not otherwise provided for therein, shall perform such duties and receive such salary as is or may be provided by law, thus clearly vesting in the legislature the power both to prescribe the duties and fix the salaries of the State's attorneys in the several counties of this State. This power and authority have been assumed and exercised by the legislature ever since the adoption of the constitution of 1870. At the first session of the General Assembly after the adoption of the constitution a law was enacted prescribing the duties of the Attorney General and State's attorneys, (Gross' Stat. 1872, chap. 12, secs. 1, 3,) and at the same session was enacted the law found in chapter 41, sections 7 and 8, (Gross' Stat. *supra,*) fixing the fees of State's attorneys at $15 for each conviction where the crime was punished by death or imprisonment in the penitentiary and $5 each on all other convictions, and ten per cent on all other moneys, except revenue, collected by them and paid over to the State or county. Since that time various changes have been made in the fees allowed to State's attorneys in this State, and their right to retain the same in payment of their salaries

or compensation for their services as such officers has never been seriously questioned. In fact, no other provision was attempted to be made for the payment of their salaries until the act of June 5, 1911, which is repealed by the act of 1912 under consideration.

As to the effect of this contemporaneous construction of the constitution by the legislature and those concerned with the administration of the laws, in *Cook County* v. *Healy,* 222 Ill. 310, it is said: "The first legislature after the adoption of the constitution passed an act in force July 1, 1872, allowing to the several State's attorneys in the State for services to be rendered by them, an annual salary of $400 to be paid by the State, and also certain fees and commissions. That act was amended in 1883 by allowing fees in other cases and increasing the amount of the fees. The School law passed by the first legislature required the State's attorneys to collect fines, forfeitures and penalties and pay them over to the county superintendent of schools, retaining therefrom the fees and commissions allowed them by law. The legislature have continuously since the adoption of the constitution passed acts which clearly give the construction contended for by defendant, and the acts have received the approval of the executive department and have been acted upon without objection. It is a matter of common knowledge that the State's attorneys throughout the State have collected and retained the fees allowed them by the statutes, and their reports showing the same have been made and approved. The salaries fixed under section 25 of article 6 of the constitution were established in view of the allowance and retention of the fees, and it is manifest that great injustice would result from now giving to the constitution a different construction. Under such circumstances the long continued legislative and administrative construction given to the constitution must prevail, and it must be held that the court did not err in refusing the

proposition of law that the fees collected by the defendant should have been paid into the county treasury. The defendant is allowed a salary of $400 by the State and the ·fees earned and collected for services performed by him, but there is no law in force which allows to him any salary to be paid by Cook county."

In *People* v. *Williams,* 232 Ill. 519, we held that the status of the office of State's attorney as a county officer was fixed by the constitution, which created his office; that all county officers were municipal officers within the provisions of section 11 of article 9 of the constitution, which provides that "the fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term," and on the authority of *Cook County* v. *Healy, supra,* we held that the act of June 4, 1904, increasing the fees of State's attorneys from $5 to $15 on each count for convictions for misdemeanors, did not apply to the State's attorneys then in office, and a judgment taxing the costs to the defendant at that rate on a conviction for a misdemeanor was erroneous. It was there said: "The State's attorney is entitled to all the fees taxed. They are part of his compensation. To increase the fees is to increase his compensation. The legislature has no power to do this."

The power of the legislature to fix the fees or compensation of the State's attorneys was fully recognized in each of the above cases. We see no good reason for now changing the rule of law as above announced. We deem *Jimison* v. *Adams County, Cook County* v. *Healy,* and *People* v. *Williams, supra,* and the provisions of sections 22 and 32 of article 6 of the constitution, conclusive upon this question. The provisions of section 10 of article 10 of the constitution have no application to the office of State's attorney, and the act in question cannot be assailed upon the ground that it is in conflict therewith. Said act is fully authorized by the provisions of sections 22 and 32 of arti-

cle 6 of the constitution, and its constitutionality must be sustained.

It is also insisted in argument that the act in question is void for the reason that it directs that all fees, fines, forfeitures and penalties collected shall be paid into the county treasury and become a part of the general county fund. That question is not raised by the bill and no relief is asked in the bill in respect to that provision of the law. It is therefore not before us for determination. The law has since been amended and the provision objected to eliminated, so that it is now but a mooted question and it is wholly unnecessary to consider it.

For the reasons given, the judgment of the circuit court of Iroquois county will be affirmed. *Judgment affirmed.*