J. LINDEN BARR, Register of Wills in and for Sussex County, v. ERNEST C. BLACKSTONE, Treasurer of the State of Delaware.

(*February* 9, 1940.)

RICHARDS and TERRY, J. J., sitting.

*Daniel J. Layton, Jr.,* for petitioner.

*Caleb M. Wright,* Deputy Attorney-General, for the State Treasurer.

Superior Court for Sussex County, February Term, 1940.

RICHARDS, J., delivering the opinion of the Court:

*Article* 15, *Section 4, of the Constitution of the State of Delaware,* provides that, "no law shall extend the term of any public officer or diminish his salary or emoluments after his election or appointment."

The Register of Wills is a constitutional officer but the Constitution merely defines his duties in a very general way.

*Chapter* 98, of the *Code* of 1935, beginning at 3799, outlines the major portion of his duties. Here it is provided that the wills of deceased persons who resided in the County at the time of death shall be proved before him, and letters testamentary granted in pursuance thereof; that letters of administration shall be granted by him upon the estates of persons who die intestate; that a bond shall be taken to the State of Delaware with security to be approved by him; that appraisers shall be appointed by him to appraise the goods and chattels of deceased persons, and deliver said appraisement at his office within six months. For the faithful discharge of these and other duties, the Register of Wills is required to give a bond for $5,000 with

sufficient surety, before entering upon the duties of his office. *Chapter 8, of Volume 37, of the Laws of Delaware,* relating to inheritance tax, provides that all property, real and personal, belonging to any person who was a resident of this State at the time of death, and all tangible personal. property having an actual *situs* in this State, and all real property actually situated in this State, belonging to any person who at the time of death was not a resident, which passes by will or by the intestate laws of this State, or by deed, grant, gift or settlement, except in cases therein mentioned, shall be subject to the tax therein specified; that the estate or interest of every person, body politic or corporate, in any real and personal property taxable under the provisions of the Act, shall be valued by the Register of Wills for the purpose of determining the amount of the tax to be collected; and that he shall compute and determine said tax within thirteen months after the death of the deceased and give immediate notice to the parties interested; that the tax shall be collected by the executor or administrator and paid over to the Register of Wills, who shall pay the same over to the State Treasurer on or before the tenth day of each month. Not only is the official bond which the Register of Wills is required to give before he enters upon the duties of his office, made liable if he fails to make the monthly payments to the State Treasurer but a recovery on said bond is made evidence of misbehavior in office and the Act provides that he shall be removed upon conviction thereof.

The obvious reason for requiring the Register of Wills to perform the duties specified in connection with the collection of the inheritance tax, was because he was the only officer in the County who possessed the necessary information to compute said tax. As heretofore stated his duties included the granting of letters testamentary and of administration, and obtaining inventories of the estates of de-

ceased persons. This was a part of his official duty long before the Legislature passed the law creating an inheritance tax.

Estimating the inheritance tax was so closely in line with the other duties of the office as to become a part of them. The fact that his official bond is made to cover the duties imposed upon him by the inheritance tax law, completely links those duties in with the other duties of the office. For these reasons the duties which J. Linden Barr, the petitioner, was required to discharge by the provisions of the inheritance tax law, at the time he entered upon the duties of the office of Register of Wills for Sussex County, were germane to the office.

*Chapter* 10, *of Volume* 40, *of the Laws of Delaware, amended Chapter* 8, *of Volume* 37, *of the Laws of Delaware,* by vesting the administration and enforcement of the provisions of the Act with respect to the collection of the inheritance tax in the State Tax Department; but many of the duties necessary to be discharged in order to make the collection of said tax possible, were left to be discharged by the Register of Wills. It is still provided that he shall send to the State Tax Department on the first day of each month, a list of wills probated and administrators appointed together with the name of the deceased. He is also charged with the duty of furnishing the State Tax Commissioner whatever assistance the State Tax Department may request in connection with the valuation of any estate taxable under the Act. His official bond is still held to embrace and include the faithful performance of all of the duties imposed upon him by the Act. At the time the petitioner, J. Linden Barr, became a candidate for the office of Register of Wills and at the time he was elected to hold said office, the salary and emoluments thereof were $1,700 which included the sum of $200 provided by *Chapter* 87, *of Volume* 29, *of the Laws of Delaware,* and paid to him

by the State Treasurer. We are entitled to assume that he accepted the nomination, and when elected entered upon the duties of his office, with the expectation that he would receive this amount throughout his term. When the Legislature enacted *Chapter* 139, *of Volume* 40, *of the Laws of Delaware,* providing that Register of Wills of Sussex County should be paid $1,500 in lieu of all fees and compensation for performing all of the services and duties of the office, and expressly repealing *Chapter* 87, *of Volume* 29, aforesaid, three months after the petitioner entered upon the duties of the office, it diminished the annual salary and emoluments of the office by the sum of $200. This being the case it violated *Article* 15, *Section* 4, *of the Constitution* above quoted. Both the words salary and emoluments are found in this article which gives it a much broader scope. Webster defines emoluments as "the profit arising from office or employment; that which is received as compensation for services, or which is annexed to the possession of office as salary, fees and perquisites; advantage; gain, public or private."

The law seems to be well settled that constitutional provisions of the character of *Article* 15, *Section* 4, *of the Constitution of this State,* will not permit the diminution of an officer's salary or emoluments after his election or appointment. If such a course were permissible, when a change of administration took place it might happen that the Legislature would reduce the salary of the appointees of the opposing political party.

In 46 *Corpus Juris, page* 1021, *Section* 254, the following view is expressed:

"Constitutional * * * provisions frequently preclude a change in the compensation of an officer either after his election or appointment, or during his term of office. Such provisions are mandatory and prevent either direct or indirect changes."

This proposition is supported by many decided cases.

*People v. Williams,* 232 *Ill.* 519, 83 *N. E.* 1047; *Macon County v. Abercrombie,* 9 *Ala. App.* 147, 62 *So.* 449; *Nichols v. MacLean,* 101 *N. Y.* 526, 5 *N. E.* 347, 54 *Am. Rep.* 730; *State v. De Lorenzo,* 81 *N. J. L.* 613, 618, 79 *A.* 839, *Ann. Cas.* 1912D, 329; *State v. Frear,* 138 *Wis.* 536, 120 *N. W.* 216, 16 *Ann. Cas.* 1019.

In 22 *Ruling Case Law, page* 534, the author uses this language:

"A constitutional provision forbidding the change of the compensation of an official during his term of office is inexorable. It admits of no exception and it affords no opportunity for evasion by the Legislature or other body."

We do not agree with the contention made on behalf of the respondent, that the Register of Wills is under a duty, regardless of law, to furnish to any State agency any information which is obtainable exclusively from the papers filed in his office. Certainly any State or County agency is entitled to the information which may be had from the office, for a proper purpose, and it is the duty of officer to assist them in securing the desired information if he can but we are not prepared to say that he is compelled to furnish it. In the case under consideration the Register of Wills was not only required to furnish the State Tax Commissioner with information concerning the estates of the deceased persons, but to compute the inheritance tax due by said estates and remit said tax to the Commissioner.

The respondent relies upon the following cases in support of his position, that the petitioner is not entitled to compensation for his services in connection with the collection of the inheritance tax for the remainder of the term for which he was elected: *State ex rel. City of Seattle v. Carson,* 6 *Wash.* 250, 33 *P.* 428; *Moore v. Moore,* 147 *Va.* 460, 137 *S. E.* 488, 51 *A. L. R.* 1517; *Coleman v. Hurst,* 226 *Ky.* 501, 11 *S. W.* (2d) 133, and *Springer v. Board of Education of Ohio County,* 117 *W. Va.* 413, 185 *S. E.* 692. An

examination of said cases, however, discloses that the Court took the position in each case, that the duty for which the officer was seeking to recover compensation was not germane to the office. It was further held by these authorities that the duties imposed by the Legislature embraced a new field and were beyond the scope and range of the office as it previously had existed and functioned. For these reasons an increase of salary was held not to violate the constitutional inhibition.

The only cases in which *Article 15, Section 4, of the Constitution* have been considered are, *State ex rel McVey v. Burris*, 4 *Penn.* 3, 49 *A.* 930, and *McDaniel v. Levy Court*, 5 *Penn.* 240, 59 *A.* 865. In the McVey case application was made for a writ of mandamus to compel the State Treasurer to pay to McVey the sum of $100, which he claimed to be due him as salary as State Detective for one month. McVey was duly appointed to the office of State Detective under the statute then existing. While he was serving in that capacity the Legislature repealed the statute under which he was appointed and thus abolished the office. He contended that the abolishment of the office took away his salary for the remainder of his term, which amounted to a diminution of his salary in violation of the Constitution. The Court held that the section of the Constitution in question had no application to a case where the office was abolished; but applied only to cases where an office is continued in existence, and during the continuance an attempt is made to diminish the salary or emoluments. In the *McDaniel* case the petitioner was seeking to recover the amount which he claimed to be due him as board for prisoners, and other fees pertaining to the office, while serving as Sheriff of New Castle County. The Legislature passed an Act in 1899 establishing the New Castle County Workhouse and providing for a board of trustees therefor. Upon ten days' notice of the completion of the workhouse,

the Sheriff was required to deliver all of the prisoners in his care to the trustees who were charged with their control and safe-keeping after that time. The original Act was amended in 1901 extending the time for completion of the building six months. In March 1901 an Act was passed by the Legislature fixing the salary of the Sheriff of New Castle County at a certain amount, and providing that it should go into effect when he delivered the prisoners to the trustees of the workhouse. McDaniel was elected in 1900 and took office on the first day of January 1901. The said workhouse was completed in November, 1901. The prisoners were placed in the custody of the trustees November 21, 1901. It was contended that by the various Acts of the Legislature above mentioned, the salary and emoluments of Sheriff McDaniel were diminished, which was contrary to the provisions of *Section* 4, *of Article* 15, *of the Constitution.* The Court held that the Act was passed and went into effect before the Sheriff was elected. It was mandatory in its operation and the time when he was to deliver the prisoners to the trustees was practically fixed. Also that the Sheriff was not required by law to board the prisoners, the statute making it optional whether he would do it or allow the keeper of the jail to do it. For these reasons he was refused relief. In the case now being considered, the statute expressly provided that the various duties should be performed by the Register of Wills, and some of those duties are still performed by him. When he assumed the duties of the office he had no notice that the law governing the collection of the inheritance tax would be changed in a manner that would effect the duties of the office, or that the salary or emoluments of the office would be diminished.

The motion to dismiss the petition is hereby denied, and it is hereby ordered that the writ of mandamus issue as originally prayed for.

TERRY, J.: I concur in the conclusion as set forth in the above opinion.