(No. 3468—▬▬▬)

LEONIA J. CRAM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 21, 1940.*

WOLF & LOVE, for claimant.

JOHN E. CASSIDY, Attorney General; MAURICE J. WALSH, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the complaint filed herein on March 14th, 1940, it appears that in November, 1938, claimant filed her information for a fugitive warrant in the Municipal Court of Chicago for one Henry Kinsey Brown who then resided in Detroit, Michigan; that it became and was necessary to cause a messenger representing the State of Illinois to go to Detroit for the purpose of bringing said Henry Kinsey Brown back to this State; that for that purpose one Stephen Leddy, a police sergeant of the City of Chicago assigned to the office of Thomas J. Courtney, State's Attorney of Cook County, was sent to Detroit as a messenger with the fugitive warrant issued by the Governor of this State; that said Thomas J. Courtney, State's Attorney, required the claimant to deposit $150.00 for the expense involved in sending such messenger to Detroit; that such monies were advanced by the claimant upon the promise of the office of said Thomas J. Courtney that if said Henry Kinsey Brown was duly prosecuted by the claimant in the Criminal Court of Cook County, said sum of $150.00 would be returned to her; that thereafter said Leddy made several trips to Detroit in connection with the extradition of said Henry Kinsey Brown; that the latter ultimately waived extradition and returned to Cook County; that upon such return he was indicted in the Criminal Court of Cook County and was arraigned upon such indictment; that claimant has requested the refund of said sum of $150.00 so advanced by her as aforesaid, but was informed by the office of said Thomas J. Courtney that such office is without funds out of which to make reimbursement to the claimant;—wherefore she requests payment of said sum to her by the State of Illinois.

The Attorney General has moved to dismiss the complaint for the reason that there is no liability on the part of the State under the facts set forth in the complaint.

It is impossible to determine from the complaint or from any of the other papers filed in the case, whether claimant bases her claim upon the provisions of "An Act to Revise the Law in Relation to Fugitives from Justice," approved February 16th, 1874, as amended (Illinois Revised Statutes, 1939, Bar Assn. Ed. Chap. 69), or whether she bases the same upon the promise of the State's Attorney, independent of the Fugitive from Justice Act; hence we will consider the claim from both angles.

Section 11 of said Fugitive from Justice Act deals with the matter of expenses in extradition cases, and provides as follows:

"When the punishment of the crime shall be the confinement of the criminal in the penitentiary, the expenses shall be paid out of the State treasury, on the certificate of the Governor and warrant of the auditor; in all other cases they shall be paid out of the county treasury of the county wherein the crime is alleged to have been committed. The expenses shall be the fees paid to the officers of the state on whose Governor the requisition is made, and not exceeding twelve cents per mile for all necessary travel in returning such fugitives. Before such accounts shall be certified by the Governor, or paid by the county, they shall be verified by affidavit, and certified to by the judge of the county court wherein the crime is alleged to have been committed."

Under the provisions of such section the expenses therein specified will be paid out of the State Treasury when the punishment for the crime is confinement in the penitentiary, and in all other cases such expenses shall be paid out of the county treasury wherein the crime was alleged to have been committed.

In all cases based upon the provisions of such section, it is therefore necessary for the claimant to allege and prove that the crime in question was punishable by confinement in the penitentiary. The complaint makes no allegation whatsoever with reference to the nature of the crime, or the punishment provided therefor. It is to be noted also that the expenses provided for by statute are specifically enumerated, and before the same shall be certified by the Governor or paid by the county, they are required to be verified by affidavit and certified to by the Judge of the County Court of the county wherein the crime is alleged to have been committed. The complaint does not set forth the fees paid to the officers of the State of Michigan, or the mileage of the messenger, which are the only expenses provided by the statute, nor is there any certification by the Judge of the County Court of the county wherein the crime was committed, as required by the statute. For the reasons above set forth, the complaint does not state a cause of action against the State under the provisions of the aforementioned statute.

The right of the claimant to recover from the State money advanced to the State's Attorney of any county pursuant to an agreement made with him in connection with a pending case, presents an entirely different question.

Although the State's Attorney represents the People of the State of Illinois in all criminal proceedings in his county, yet he is not considered a State officer. In the case of *Cook County* vs. *Healy*, 222 Ill. 310, the court, on page 316, in considering the status of the State's Attorney of Cook County, said:

"The State's attorney is a county officer, and his status, as such, is fixed by the Constitution which creates his office. He is elected for and within a county to perform his duties therein and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner, and other officers connected with the administration of justice within the county."

The Healy case was quoted with approval in the case of *The People* vs. *Newcomer*, 284 Ill. 315, where the court, on page 324, citing the Healy case, said:

"The State's attorney is a county officer elected for and within a county to perform his duties therein and is by statute charged with certain duties."

The State's Attorney being a county officer, the mere fact that money was advanced to him for expenses in a criminal case, even under a promise to return the same, does not give a right of action against the State. If any right of action exists, it is against the officer who received the money and promised to return the same.

The complaint does not state a cause of action against the State and the motion of the respondent must therefore be sustained.

Motion to dismiss allowed. Case dismissed.