(No. 29760.‒

PERCY E. HARMS, Appellant, *vs.* JOHN W. WUERTH, Appellee.

*Opinion filed January 22, 1947.*

SMITH & SCHULTZ, of Forest Park, for appellant.

PETER J. STRUCK, of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant, Percy E. Harms, filed his petition in the superior court of Cook county, praying for a writ of *mandamus* directed to John W. Wuerth, appellee, president of the village of Skokie, commanding him forthwith to cause all suits and prosecutions for the violation of all

ordinances, laws or regulations of the village of Skokie to be instituted before appellant as police magistrate of such village. Appellee filed his answer, to which petitioner filed a motion to strike which was overruled. The cause was heard on the petition and answer, and after having heard the arguments of counsel and taking judicial notice of the various ordinances set forth in the petition and answer, the court found the issues for the appellee and dismissed appellant's petition.

Appellant alleged that he was the duly elected and qualified acting police magistrate for the village of Skokie; that at the time of his election to the office of police magistrate there was in full force and effect an ordinance of said village which provided that all suits and prosecutions for the violation of village ordinances, laws or regulations, should be instituted before the police magistrate, and that all fines collected be paid into the village treasury; that at the time of petitioner's election to the office of police magistrate there was also in full force and effect an ordinance designating the president as the chief executive officer of the village, and directing that he enforce all the ordinances of said village, and that this ordinance is still in full force and effect. He further alleged that appellee, John W. Wuerth, as president of said village, has caused, and still causes, suits and prosecutions for violation of ordinances of said village to be instituted before a justice of the peace.

The appellee, in his answer, admitted that he is required to enforce the ordinances of the village, but denied he had violated any provision of said ordinances with regard to suits. He further answered that on May 15, 1945, an ordinance was passed by the village of Skokie providing that the president and board of trustees of said village shall order all suits and prosecutions for violations of any village ordinances, laws or regulations to be instituted before any justice of the peace or police magistrate having

jurisdiction of the subject matter, and providing that all ordinances or parts of ordinances in conflict therewith shall be repealed.

Appellant contends that, at the time of his election and qualification, an ordinance was in full force and effect which provided that all suits for violations of village ordinances should be instituted before him as police magistrate; that after his election an ordinance was passed which changed the ordinance in effect at the time of his election by allowing prosecutions for violation of village ordinances to be instituted before any justice of the peace or police magistrate. He contends that said subsequent ordinance is unconstitutional in that it violates section 11 of article IX of the constitution of Illinois, by depriving the appellant of his fees in cases instituted by the village for violation of its ordinances, and thereby diminishing the fees and emoluments during his term of office.

Appellee's position is that police magistrates and justices of the peace are judicial officers with identical powers and jurisdiction; that the ordinance which appellant relies upon is unconstitutional and void, and that the ordinance subsequently adopted by the village, authorizing either a police magistrate or a justice of the peace to have a cause instituted before him, does not concern itself with fees of the police magistrate.

Appellant contends that, as the ordinance in effect at the time he qualified provided for filing in his court all cases where the ordinance was violated, no change or modification thereof could be made during his term of office so as to deprive him of the fees in such cases. He further contends that to pass another ordinance which would cause the fees and emoluments of his office to be diminished during his term of office is unconstitutional and void and violates section 11 of article IX of the constitution of Illinois. The record discloses the ordinance on which he relies was repealed during his term and a new ordinance adopted

which followed the statute, providing that all suits and prosecutions for the violation of any village ordinance, law or regulation should be instituted before a justice of the peace or police magistrate having jurisdiction of the subject matter thereof.

If appellant's position is tenable, the ordinance on which he relies must be a valid ordinance. The ordinance seeks to clothe the police magistrate with exclusive jurisdiction to the exclusion of justices of the peace and is in direct conflict with section 9 of article 10 of the Revised Cities and Villages Act, which provides: "All justices of the peace and police magistrates shall have jurisdiction within the county in which they are elected to office in all cases arising under this Act, or any ordinance passed in pursuance thereof." (Ill. Rev. Stat. 1945, chap. 24, par. 10-9.) The ordinance is also clearly in violation of section 29 of article VI of the constitution of Illinois, which provides: "All judicial officers shall be commissioned by the governor. All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

It will readily be observed the purpose of this provision of the constitution is to establish uniformity of proceedings of courts of the same class or grade. It might also be observed that section 22 of article IV of the constitution of Illinois prohibits special legislation and provides that no special or local laws shall be passed by the General Assembly, and, in particular, prohibits special laws "Regulating the jurisdiction and duties of justices of the peace, police magistrates and constables." If the General Assembly is prohibited from enacting special laws regulating the duties of the above officers, we hardly see how it can plausibly be

maintained that a president and board of trustees of a village, who derive their power from a legislative act of the General Assembly, should not also be so restricted. The ordinance is therefore unconstitutional and void.

Appellant contends the change in the village ordinance, after his election and qualification as police magistrate, took away from him those fees to which he would have been entitled had the village complied with the ordinance that was in effect at the time of his election and qualification. The answer to this is that as the ordinance was invalid it afforded him no right to fees other than those provided in section 40 of the Fees and Salaries Act, (Ill. Rev. Stat. 1945, chap. 53, par. 59,) which pertains to justices of the peace, police magistrates and constables.

Appellant cites the case of *People* v. *Williams*, 232 Ill. 519, wherein the amount of fees of the State's Attorney was changed from $5 to $15 on each count of an indictment. The court there held that the constitution did not permit such a change during his term of office. There can be no question but that this is a correct proposition of law, but the situation there is entirely at variance with the facts as they exist in this case. As urged by the appellee, the village of Skokie did not increase or decrease the docket fee of $2 by adopting an ordinance authorizing a justice of the peace or police magistrate to take jurisdiction of cases wherein city ordinances were violated. The statutory provisions regarding fees and salaries remain the same. The ordinance relied upon by appellant being invalid, he is not entitled to a writ of *mandamus*.

The judgment of the superior court is right, and it is affirmed.

*Judgment affirmed.*