(No. 4264– )

JAMES MONTGOMERY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1952.*
*Petition of Claimant for rehearing denied April 14, 1952.*

LUIS KUTNER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant was indicted, tried and convicted for the crime of rape, and sentenced to the Illinois State Penitentiary on February 5, 1924. No appeal was taken from this conviction. A petition for a writ of habeas corpus was filed in the Circuit Court of Lake County, State of Illinois, and denied on August 21, 1948. A certiorari was sought in the Supreme Court of the United States to review the denial of the habeas corpus proceedings, and this was denied on October 11, 1948.

A petition for a writ of habeas corpus was then filed in the United States District Court. A motion to dismiss this proceeding was filed by the Attorney General of Illinois, which was denied. A hearing was had, and evidence was introduced by claimant, but no evidence was introduced by the State. Judge Michael L. Igoe held that claimant's conviction and sentence were void, being in violation of the Fourteenth Amendment

to the United States' Constitution, and discharged claimant on August 10, 1949.

The claimant files his claim in this Court seeking to recover the sum of $250,000.00 for unlawful indictment, conviction, sentence and incarceration at the hands of the State of Illinois. He bases his claim on the grounds that Secs. 2 and 9 of Article II of the Illinois Constitution were violated, and his right to a recovery under Secs. 19 and 20 of said Article II. He asserts his claim under Sec. 8 A of the Court of Claims law on the theory that the constitutional provisions above stated affords him a remedy, in that his claim would be founded upon said law.

The Court of Claims law was amended in 1945, and the pertinent provision in question was added at that time. Prior to the 1945 amendment, all of the decisions of this Court held that the State could not be held accountable for wrongful or negligent acts of its agents or servants. (*Newman* vs. *State,* 17 C.C.R. 187.) However, by the 1945 amendment, the Court was given jurisdiction in tort cases, and the previous rule as to non-liability in such cases was removed by Sec. 8 C.

The claimant does not predicate his claim under Sec. 8 C of the Court of Claims Act, but under Sec. 8 A. The question before the Court to decide is: "Does this Court have jurisdiction to determine whether the conviction was unlawful, and to award damages if it finds the conviction unlawful?"

The first question is whether there is any law in this State upon which such a cause of action could be maintained, if the State were suable. There is no constitutional provision or statute authorizing such a suit. This Court has previously held that it could only

recommend an award where the State would be liable in law or in equity in a court of general jurisdiction, if it were suable. (*Crabtree* vs. *State*, 7 C.C.R. 207; *Durrett* vs. *State*, 12 C.C.R. 384.) While it is true that Article II, Sec. 19 of the Illinois Constitution, provides that every person ought to find a remedy in the law for all injuries and wrongs to his person, property or reputation, the same Constitution also provides under Article IV, Sec. 26, that the State can never be made a party defendant in any court of law. It, therefore, follows that for this Court to have jurisdiction, the Legislature, by express provision, should have created an act providing for such a remedy.

Judge Igoe, in his opinion, stated that his decision was based on and in accordance with the New Federal Judicial Code effective September 1, 1948. The opinion was predicated on the facts that the State's Attorney suppressed evidence, introduced false testimony, and that claimant was denied due process.

The claim presented here is based on the same set of facts; namely, the wrongful acts of the State's Attorney. The pertinent inquiry is: "Can the State of Illinois be liable for the wrongful acts of a State's Attorney?" If a suit were presented in a court of record, and if the State were suable, on the theory that a violation of the Constitution was a "claim founded on a law of the State", it would be necessary to determine whether or not a State's Attorney was an agent of the State, and, if so, was the act one that would make the State liable.

It has been held by this Court that a State's Attorney is not an agent of the State or a State officer, but a County officer. In *Cram* vs. *State of Illinois*, 11 C.C.R. 282, the Court, on page 285, held:

"Although the State's Attorney represents the People of the State of Illinois in all criminal proceedings in his county, yet he is not considered a State Officer."

In the case of Cook County vs. Healy, 222 Ill. 310, the Court, on page 316, in considering the status of the State's Attorney of Cook County, said:

"The State's Attorney is a county officer, and his status, as such, is fixed by the Constitution, which creates his office. He is elected for and within a county to perform his duties therein, and is not distinguished in any manner from the clerks of the courts, the sheriff, coroner, and other officers connected with the administration of justice within the county."

The Healy case was quoted with approval in the case of The People vs. Newcomer, 284 Ill. 315, where the Court, on page 324, citing the Healy case, said:

"The State's Attorney is a county officer elected for and within a county to perform his duties therein, and is by statute charged with certain duties.

The State's Attorney being a county officer, the mere fact that money was advanced to him for expenses in a criminal case, even under a promise to return the same, does not give a right of action against the State. If any right of action exists, it is against the officer who received the money and promised to return the same.

The complaint does not state a cause of action against the State, and the motion of the respondent must therefore be sustained."

In *Ashton* vs. *County of Cook*, 384 Ill. 287, the Court, on pages 296 and 297, held:

"Section 22 of Article VI of the Constitution creates the office of State's Attorney and provides for his election. Section 32 of the same article refers to the residence, the performance of the duties of the State's Attorney, and other officers, and the manner in which vacancies in any of such offices may be filled. It is provided that 'All officers, (which includes State's Attorneys) where not otherwise provided for in this Article, shall perform such duties and receive such compensation as is or may be provided by law.' It will be observed that these constitutional provisions do not prescribe the specific duties of the State's Attorney. It has been held that the State's Attorney is an officer provided for by the Constitution, and that he is a county officer. (*Cook County* vs. *Healy*, 222 Ill. 310.) Section 5 of the State's Attorneys Act (Ill. Rev. Stat., 1941, Chap. 14, Par. 5.) directs it shall be the duty of the State's Attorney 'to commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in any court of record in his county, in which the people of the State or county may be concerned,' and second, 'to prosecute all forfeited bonds and recognizances, and all actions and proceedings for the recovery of debts, revenues, moneys, fines, penalties and forfeitures accruing to the State or his county, or to any school district or road district in his county * * * * which may be prosecuted in the name of the People of the State of Illinois'."

This Court, therefore, concludes that the State's Attorney in the instant case is not, and could not be an agent of the State.

In order for the claimant to sustain his claim, he must base it on the fact that the State violated a constitutional enactment. That the State cannot violate the Constitution has been decided by our Supreme Court. In the case of *Owens* vs. *Green*, 400 Ill. 380, the Court, on page 490, held:

"Where an action at law or suit in equity is brought against a State officer or the director of a department upon the ground that, while claiming to act for the State, he violates or invades the personal and property rights of the plaintiffs under an unconstitutional act, or assumes authority which he does not have, the action is not against the State. The presumption obtains that the State, or a department of the State, will not, and does not, violate its Constitution and laws, but that the violation, if it occurs, is by a State officer or the head of a department of the State, and the officer or the head may be restrained by appropriate action instituted by a citizen. (*Schwing* vs. *Miles*, 367 Ill. 436; *Noorman* vs. *Department of Public Works and Buildings*, 366 Ill. 216.) We are of the opinion that the present action is one aganist the defendant State officers and not against the State of Illinois, and that, consequently, the State is not an indispensable party, as contended by defendants."

It would lead to an absurdity for this Court to say that the State of Illinois could be held liable for a violation of its Constitution.

For this Court to hold the State liable for the unlawful acts of a State's Attorney would create a situation making the State liable for malfeasance and unauthorized acts of State's Attorneys throughout the entire State, and would result in endless difficulties, which would be subversive to the public interest.

The facts in this case show that the claimant was sentenced by a court of competent jurisdiction. For this Court to review evidence to overrule a decision of that court, without a statute authorizing it to do so, would be to assume jurisdiction never contemplated.

This Court, without a statute authorizing it to award damages in such a case, cannot assume jurisdiction.

The claimant states that the Court should enter an award as an act of social justice. This Court has repudiated this doctrine in many cases, and has held that, in order for claimant to recover, he must come within the provision of some law making the State liable to him on his claim. (*Kelly* vs. *State*, 9 C.C.R. 339).

For the reasons above assigned, this Court is without jurisdiction to hear and determine this claim.