## Jacob Michael, Jr., v. Marengo County.

*Action by Sheriff for Fees under § 4438 Rev. Code.*

1. *Sheriff's fees under § 4438 Rev. Code; how paid in Marengo county.* — The " Act to consolidate the fund of fines and forfeitures and the general fund of the county of Marengo," approved February 13, 1871, has the effect to make claims which might accrue under § 4438 of the Revised Code a charge against the county to be paid out of its general fund.

2. *Same; when such claims are barred for failure to present to commissioners' court.* — Under that act, claims not presented within twelve months are barred by Rev. Code, § 909. But claims existing at the passage of said act were not barred if so presented in twelve months thereafter, and the time for such presentation was further extended by the act approved March 4, 1873, to the 1st day of January, 1874.

APPEAL from the Circuit Court of Marengo.

Tried before Hon. L. R. SMITH.

This action was commenced August 27, 1872, by Jacob Michael, Jr., against the county of Marengo, for work and labor done for defendant during the years 1868 and 1869, by plaintiff, as sheriff of said county, and in discharge of his duties as such sheriff, in divers causes and prosecutions in the circuit and county courts of said county, wherein the State of Alabama as plaintiff failed to convict, or said prosecutions were dismissed on plea of *nol pros.*, or executions issued on judgments in said causes were returned " No property found." A demurrer was interposed and overruled, and defendant then filed a plea " in short, by consent, of the statute of limitations, or non-presentation to the court of county commissioners of Marengo county, within twelve months after said claim accrued or became payable under Rev. Code, § 909." The record contains no demurrer to said plea, and it is silent as to what was the issue joined, except so far as we are informed by the charge of the court.

On the trial plaintiff proved that the services were rendered by him as alleged, and that his claim therefor was still unpaid ; said claim was not presented to the commissioners' court of Marengo county until February 12, 1872, on which day it was presented to said court, at a regular term thereof, and it was disallowed. On the 13th of February, 1871, an act of the general assembly was approved, consolidating the funds of said county

[Michael *v.* Marengo County.]

known as the fund of fines and forfeitures and the general fund, and constituting them one fund, and requiring that all claims provided to be paid out of the fines and forfeitures fund should be paid out of such consolidated fund. See Acts 1870–1, p. 229. On the 4th day of March, 1873, another act was approved, suspending the operation of § 909 of Rev. Code, on claims against Marengo county, contracted between January 1, 1866, and January 1, 1873, and allowing the holders of such claims to present them at any time before January 1, 1874, to the court of county commissioners.

The court charged the jury as follows : " The plaintiff has sued the defendant to recover for services rendered in his official capacity. The defendant insists that the claims sued for were not presented to the commissioners' court within twelve months after they became due, and are barred. The plaintiff says that the claims are not such as are required to be presented to the court of county commissioners. The court of county commissioners are required to audit all claims against the county, and these claims were no exception to the rule. If, therefore, you believe from the evidence that these claims were not presented to the court of county commissioners within twelve months after they became due, then the plaintiff cannot recover." Plaintiff excepted to said charge and assigns it as error.

JAMES T. JONES and H. A. WOOLF, for appellant. — The record shows that appellant presented his claim for allowance to the commissioners' court on February 12, 1872 ; this was within twelve months from the approval of the act of February 13, 1871. Acts 1870–1, p. 225 ; *Grant* v. *Marengo Co.* June term, 1874. It is true the claims were disallowed in May, 1872, but that does not disprove their *presentation* on the 13th of February, 1872. Moreover, by the act of March 4, 1873, § 909 of the Rev. Code was suspended on all claims presented before January 1, 1874.

REEVES & BARTLETT, *contra.* — The claims should have been presented to the court of county commissioners within twelve months after they *accrued.* Rev. Code, § 909 ; 44 Ala. 590. The act of 1872–3 is *ex post facto* as to appellant's claims. Although *payable* out of the consolidated fund, they should have been *presented* within twelve months after they became due, and awaited their times of payment.

JUDGE, J. — By an act of the legislature approved February 13, 1871, the fund of fines and forfeitures, of Marengo county, was consolidated with the general fund of the county,

and all claims against the county, provided to be paid out of the fund of fines and forfeitures, were required to be paid out of the consolidated fund. Acts 1870–71, p. 229.

This court decided at the June term, 1874, that the effect of this statute was to make the fees of officers of court, which might accrue under § 4438 of the Code, a charge against the county, to be paid out of its general fund; and that all such claims must be presented to the court of county commissioners for allowances within twelve months from the time they accrue or become payable, or they will be barred by § 909 of the Code. *Grant* v. *Marengo County*, June term, 1874.

The claims of appellant, which are the subject of this suit, were in existence at the time the act of February 13, 1871, was passed. It was held in *Grant* v. *Marengo County*, *supra*, that such claims must be presented for allowance within twelve months from the date of the approval of said act, to prevent them from being barred by the statute. The claims of appellant were presented, as the record informs us, on the twelfth day of February, 1872, which was within twelve months from the time the act of February, 1871, was enacted; and in addition to this, an act of the legislature approved March 4, 1873, temporarily suspended the operation of section 909 of the Code, as to Marengo county, by providing that all *bonâ fide* holders of just claims against the county, which have accrued or become payable between the first day of January, 1866, and the first day of January, 1873, may present their claims respectively, for allowance, by the first day of January, 1874, and not after. The claims of appellant come also within the provisions of this act. It follows that the judgment of the circuit court must be reversed and the cause remanded.