# Scruggs *v.* Underwood.

*Summary Proceeding against County Treasurer.*

1. *Sumter county; effect of "Act of March 1st, 1870, to consolidate the funds of fines and forfeitures and general fund of the county of Sumter.*—The effect of the "act to consolidate the funds of fines and forfeiture and general fund of the county of Sumter," was to make claims which might accrue under § 4438 of the Revised Code, and were formerly paid out of "the fine and forfeiture fund," a charge against the county, payable out of its general fund.

2. *Same.*—The repeal of the act consolidating the different funds, cannot effect the rights of a holder of a warrant drawn on the county, while the funds were consolidated, for services which, prior to that time, were a charge against the fine and forfeiture fund alone.

APPEAL from Circuit Court of Sumter.
Tried before Hon. HARRY T. TOULMIN.
VOL. LIV.

[Scruggs v. Underwood.]

This was a summary proceeding, commenced by the appellee, Underwood, against the appellant Scruggs, who was treasurer of the county, for his failure, on demand, to pay a county warrant.

Appellee's father had been clerk of the circuit court, and the warrant had been drawn by order of the commissioner's court in May, 1871, for fees in State cases, accruing between March 1st, 1870, and May, 1871, under § 4438 of the Revised Code. The warrant, after having been registered May 31st, 1871, was assigned to appellee, who demanded payment on the 24th day of February, 1875, at which time the treasurer had sufficient money belonging to the general fund of the county, but not to the "fine and forfeiture fund," to pay it.

The act of March 1st, 1870, consolidating the fine and forfeiture fund with the general fund of Sumter county, and the act of February 1st, 1872, repealing that act, were introduced in evidence.

The facts having been submitted to the court, without the intervention of a jury, judgment was rendered for the appellee.

WATTS & WATTS, W. G. LITTLE, JR., and REUBEN CHAPMAN, JR., for appellant.

SNEDECOR & COCKRELL, contra.

BRICKELL, C. J.—Fines imposed as a punishment for misdemeanors are payable to the county in which the indictment is found, or the prosecution commenced, and for their recovery, judgment is entered in favor of the State for the use of the particular county. The forfeitures of undertakings of bail, and the penalties incurred by witnesses for disobedience of the process of the court, or fines for contempt, are also payable to the county. The funds derived from this source, to distinguish them from the general funds, and because they could not be appropriated as the general funds of the county were, have been known as the "fine and forfeiture fund." The fees of witnesses in State cases were primary charges on this fund.—R. C. §§ 4220, 4221, 4222. Whenever a surplus of the fund remains after satisfying, or above the sum necessary to satisfy the registered claims of State witnesses, the fees of officers of the court in criminal cases in which the defendants have been convicted, and were insolvent, or in which a nolle prosequi has been entered, are charges on and payable out of the fund.—R. C. § 4438.

The general assembly passed an act, approved March 1, 1870, entitled "An act to consolidate the funds of fines and

forfeitures and general fund of the county of Sumter."—
Pamph. Acts, 1869-70, p. 204.  The first section of this act
provides for the consolidation of the fund known as the fines
and forfeitures fund and the general fund of the county
and declares the two shall constitute one fund.  The second
section declares all claims against the county payable out of
the fines and forfeitures, shall be paid from the general or
consolidated fund.  Construing this statute in connection
with the general statutory provisions referred to above, its
effect and operation are obvious.  The distinction between
the fine and forfeiture fund and the general fund of the
county is destroyed.  The two become one common fund,
from which the charges on the fine and forfeiture fund
created by the general statutory provisions are to be paid.
From liability for these charges the fine and forfeiture fund
is not exempt, but the charges become county claims, pay-
able from the common fund with which the fines and
forfeitures are mingled, in the order of their registration, as
other county claims are payable.  These charges, prior to
this statute, were not strictly county claims—they were
simply charges on the fund in the hands of the county
treasurer.  They become county claims because the fund
from which they were payable is mingled with the general
fund of the county, not capable of identification and specific
appropriation to their payment, and in lieu of the liability
of the particular fund, the liability of the general fund is
substituted.  This change rendered necessary the presenta-
tion to, and allowance by, the commissioners' court as a claim
against the county, of the fees of officers of court, made a
charge on the fine and forfeiture fund.  When allowed by
the commissioners court, and registered with the county
treasurer, he becomes bound to pay it in its order of registra-
tion whenever he has of the general or consolidated fund a
sum sufficient.  Failing to pay it on demand, he became
liable to the summary remedy and the penalty prescribed by
the statute.—R. C. § 930.

The repeal of the act of March 1st, 1870, by the act of
February 1st, 1872, did not operate retrospectively so as to
change the character of appellee's claim.  By its allowance
by the commissioners court, in May, 1871, it became an
allowed county claim, payable from the general or consolida-
ted fund of the county, and it may well be doubted
whether subsequent legislation could divest it of this character.
The mere subsequent repeal of the statute authorizing its al-
lowance and payment, certainly does not have any such effect.

We find no error in the record prejudicial to the appellant,
and the judgment must be affirmed.