# Troup v. Morgan County.

*Action by Clerk and Register of City Court to recover Compensation for Ex-Officio Services.*

1. *Fees of public offices; statutes strictly construed.*—When any public officer demands a fee for services rendered, he must point to some clear and definite provision of the statute, which authorizes him to make the charge or demand. Statutes giving costs or fees are not to be extended beyond their letter, but are strictly construed (Code, § 3665).

2. *Act creating City Court of Decatur; construction of, as to powers and duties of Clerk and Register.*—The provision of section 4 of the act creating the City Court of Decatur (Sess. Acts, 1888–89, p. 316), that the Clerk and Register of said court "shall have the same powers and

[Troup v. Morgan County.]

perform all the duties which may be lawfully exercised or performed by clerks of the Circuit Court and Registers in Chancery," referred to such powers and duties as have been given or imposed upon those officers by virtue of their offices, and not to such powers and duties as have been conferred specially upon them by independent statutes, and which might have been conferred upon some other persons as well, without any infringement upon the full and free exercise of the ordinary statutory powers and duties of those offices.

· 3.   *Same; Clerk and Register not entitled to compensation for ex-officio services.*—The provision of the act creating the City Court of Decatur (Sess. Acts, 1888–89, p. 316, § 4) that its Clerk and Register shall receive the same "fees" as those allowed by law in like cases to clerks of the Circuit Court and registers in chancery, does not authorize an allowance to such Clerk and Register, under the statute (Code, § 3682) providing for an allowance to clerks of the Circuit Court "for performing official duties not otherwise provided for," the compensation for such services not being included in the word "fees."

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was an action by L. P. Troup against Morgan county. The complaint was as follows : ' "The plaintiff claims of the defendant the sum of three hundred and fifty-six and 20-100 dollars due by defendant to plaintiff for *ex-officio* services rendered by the plaintiff as Clerk and Register of the City Court of Decatur for the year ending November 1st, 1893, which sum with interest thereon is still unpaid, and plaintiff avers that said claim for said *ex-officio* services was duly and properly itemized and sworn to by him and presented to the court of county commissioners of Morgan county, Alabama, within twelve months after the same accrued or became payable, and was by said court of county commissioners disallowed in whole, and plaintiff alleges that at the time of the rendition of the services herein sued for he was clerk and register of the city court of Decatur.  (2) The plaintiff claims of the defendant two hundred and ninety-one and 30-100 dollars due him by said defendant for *ex-officio* services rendered by plaintiff as clerk and register of the city court of Decatur, at different times and dates, from November 1st, 1893, to December 1st, 1894, which sum of money with interest is still unpaid.  And plaintiff avers that said claim was duly itemized and sworn to by him and presented by him to the court of county commissioners of Morgan county, Alabama,

within twelve months after the same accrued or became payable, and the same was by said court of county commissioners disallowed in whole, and plaintiff further avers that at the time of the rendition of the services herein sued for he was the clerk and register of the city court of Decatur." The defendant demurred to the complaint, upon the following, among other grounds: "(3) The averments of the complaint show that the plaintiff did not sustain towards the defendant any such relation as would entitle him to a claim against it for *ex-officio* services. (4) The complaint does not show that plaintiff held any such office, created by law, as would entitle him to a demand against this defendant for *ex-officio* services. (5) There is no authority shown in said complaint for the rendition of *ex-officio* services by the plaintiff for the defendant in such sort as to make this defendant liable therefor. (6) The plaintiff was not required as clerk and register of the city court of Decatur to perform any *ex-officio* services for the defendant. (7) The plaintiff as clerk and register of the city court of Decatur was not required by the law creating his office to perform *ex-officio* services for the defendant. (8) The act of the general assembly of Alabama creating the office of clerk and register of the city court of Decatur did not provide any compensation for a person holding such office for *ex-officio* services. (9) The act of the legislature creating the city court of Decatur, and fixing the compensation of the clerk and register of said court, provided only for the payment to him of fees for designated services rendered by him, and does not include any compensation for *ex-officio* services." "(11) The plaintiff, as clerk and register of the city court of Decatur, is not by law, either general or special, entitled to compensation for *ex-officio* services. (12) The law creating the office of clerk and register of the city court of Decatur, and fixing his compensation as such clerk and register, provides that he shall receive the same fees as are by law allowed in like cases to clerks and registers. (13) In each of said complaints the amount for *ex-officio* services is in excess of the maximum amount allowed to the probate judge and circuit court clerk of Morgan county." The court sustained the above stated grounds of demurrer, and the plaintiff declining to plead

further, judgment was rendered in favor of the defendant. The plaintiff appeals.

W. W. CALLAHAN, for appellant.

SPEAKE & RUSSELL, *contra.*

HARALSON, J.—Section 4 of the act creating the city court of Decatur, (Acts 1888–89, p. 316) provides, the clerk and register of said court "shall have the same powers and perform all the duties which may be lawfully exercised or performed by clerks of the circuit courts and registers in chancery in this State, including the power to issue attachments and other extraordinary process. His fees shall be the same as those allowed by law in like cases to said clerks and registers."

Fees allowed to clerks of the circuit court are specified, for each particular service, in section 3682 of the Code, which concludes with the general provision : "Performing official duties not otherwise provided for, to be paid from the county treasury, such sums as may be allowed by the court of county commissioners, not exceeding per annum $200." Reference is here made evidently to what are called *ex-officio* services. Section 3675 provides : "Persons entitled to an allowance by the court of county commissioners, for what are commonly called *ex-officio* services, shall, before the allowance is made, itemize such services, and make oath thereto, as in the case of other claims against the county." It will not be denied that it was competent for the legislature to make the compensation of the clerk of said court larger or smaller than the compensation provided for clerks of other courts, or registers in chancery ; nor will it be denied that he can receive only such compensation for services as are provided in the act creating said court. And, it will be seen, the only compensation therein provided for him, for any services he may officially perform, is contained in the words,—"His fees shall be the same as those allowed by law in like cases to said clerks [of the circuit court] and registers [in chancery]." It appears, also, from the statute we have above referred to and quoted, in reference to compensation that may be allowed to circuit court clerks, "for what are commonly called *ex-officio* services," that no

provision is made for special compensation therefor, but the persons rendering them are to be paid, "such sum as may be allowed by the court of county commissioners, not exeeding *per annum* $200." Compensation for these *ex-officio* services can not, by any liberality of construction, be included in the word "fees." If then, the statute creating said court makes no provision for the compensation of its clerk and register, except the fees he is to receive, he can receive no other pay for official services, except that which may be classed as "fees." What this word means has received in this State judicial construction; and it is well settled that statutes giving costs are not to be extended beyond their letter, but are strictly construed, because costs are in the nature of a penalty. The statute itself provides, that "the law of fees and costs must be held to be penal, and no fee must be demanded or received except in cases expressly authorized by law." Code, § 3665. In practice, while costs and fees are different in their nature,—the one being an allowance to a party for expenses incurred in prosecuting or defending a suit, the other, compensation to an officer for services rendered in the progress of a cause,—they are placed for their allowance upon the same strictness of construction of the statute allowing them; and when any public officer demands a fee for services rendered, he must point to some clear and definite provision of the statute, which authorizes him to make the charge or demand.— *Tillman v. Wood*, 58 Ala. 578; *Bradley v. The State*, 69 Ala. 318; *Williams v. Flowers*, 90 Ala. 136; *Dawson v. Matthews*, 17 So. Rep. 19.

We must hold, that in declaring that the city court clerk shall have the same powers and perform all the duties which may be lawfully performed by clerks of the circuit court, or registers in chancery, the statute referred to such powers and duties as have been given or imposed upon these officers, by virtue of their officers, and which attach and belong to them, respectively, and not to such powers and duties as have been conferred specially upon them by independent statutes, and which might have been conferred upon some other persons as well, without any infringement upon the full and free exercise of the ordinary statutory powers and duties of these officers. These outside duties which are imposed

upon circuit court clerks, especially, commonly called *ex-officio* duties, do not attach or belong to the office or to ordinary and general duties of such clerks. Except for special statutory provision, they would not be thought of as attaching to the office. Enough has been said to show that the plaintiff has no right of action for the services he claims to have performed, and there was no error in sustaining the demurrer to the complaint.

Affirmed.