# Macon County *v.* Abercrombie, *et al.*

### *Assumpsit.*

(Decided May 1, 1913.    Rehearing denied June 6, 1913.
62 South. 449.)

1. *Counties; Officers; Compensation; Ex Officio Services.*—The term "ex officio services" as used in section 68, Constitution 1901, has a fixed meaning placed upon it by the Legislature, as services performed by an officer for the compensation of which no express provision has been made by law, and as there was an express provision made by law for services rendered by judge of probate in reference to duties in relation to public roads fixed by section 3720, Code 1907, the allowance made by Acts 1911, p. 154, changing said section was not an allowance for compensation for an ex-officio service within the meaning of the Constitution.

2. *Officers; Compensation; Statute.*—The law relating to costs and fees of officers is penal in its nature and requires a strict construction, and the fees and allowances of public officers must be provided for by enactment authorizing their collection, or the right thereto does not exist.

3. *Same; Compensation; Increased During Term.*—The provisions of Acts 1911, p. 154, amending section 3720, Code 1907, increasing the amount allowed judge of probate relative to duties in connection with the public roads, becoming effective after the term of the probate judges had begun was in violation of section 281, Constitution 1901.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Macon County against Milo Abercrombie as probate judge, and the sureties on his official bond to recover money collected by him as judge of probate

for ex-officio services rendered in relation to public roads. Judgment for defendant and plaintiff appeals. Reversed and remanded.

ROBERT C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and W. B. BOWLING, for appellant. No officer is entitled to compensation as fees or costs unless there is a plain provision of law entitling him to the same.—*Torbett v. Hale County,* 131 Ala. 143; *Troup v. Morgan County,* 109 Ala. 162; *Naftel v. Montgomery County,* 127 Ala. 563; *Jack v. Moore,* 66 Ala. 187; *Barbour County v. Clark,* 50 Ala. 418. Compensation for the services claimed for was fixed by section 3720, Code 1907, and the act, therefore, increasing such compensation cannot be said to be an act providing compensation for ex-officio services for which there is no other provision in law within the meaning of that term as fixed by section 68, Constitution 1901. The act of 1911 also became operative after the term of the judge of probate began, and hence, had the effect of increasing his compensation during his term of office, and therefore, violative of section 281, Constitution 1901.

R. H. POWELL, and O. S. LEWIS, for appellee. After setting out the provisions of section 3720, Code 1907, and the provisions of Acts 1911, as to the increase, counsel insist that the increase should be allowed notwithstanding it became effective after the term of office of the judge of probate had begun. In support of his contention he cites sec. 150, Constitution 1901; Acts 1907, p. 109; Acts 1907, p. 245.

PELHAM, J.—This action is brought by the county against the judge of probate and the sureties on his official bond to recover moneys collected by the judge of pro-

[Macon County v. Abercrombie, et al.]

bate for services performed, or duties discharged, in relation to the public roads of the county, which the appellant contends he was not entitled to collect. These moneys were collected by the judge of probate under the provisions of an act of the Legislature to amend section 3720 of the Code (Acts 1911, p. 154), which changes the amount fixed by section 3720 allowed as compensation to judges of probate for "discharging his duties in relation to public roads, on proof to the court of county commissioners that he has discharged such duties, annually, to be paid out of the county treasury, not exceeding ninety dollars," to not exceeding $400 per annum. This act increasing the amount that may annually be paid out of the county treasury to the judge of probate for discharging duties in relation to public roads was approved April 1, 1911, and went into effect after the present term of office of the judge of probate began on the first Monday after the second Tuesday in January (section 5410) next after his election in November, 1910 (section 336), which term will not expire until January, 1917. Whether or not the present incumbent of the office of judge of probate during his term of office in which the act was passed would be entitled to collect the moneys under the provisions of the act approved April 1, 1911, which are sought to be recovered in this action, depends, under the inhibition contained in section 281 of the Constitution, and the proviso of section 68 of the Constitution, to the effect that allowances made by county commissioners to county officers shall not apply to compensation for ex-officio services, on whether or not the increased compensation allowed the judge of probate during the present term of his incumbency of the office was an ex-officio allowance.

When the framers of the Constitution of 1901 made use of the term "ex-officio services" in section 68, as related to compensation for services by county officers, these words, used in such a connection, had a fixed meaning derived from long usage by the law-makers of the state in providing for compensation for this class of officers. The Legislature even before the adoption of the Code of 1852 provided for the payment of stipulated amounts to certain county officers "for all other official duties for the compensation of which no express provision is made by law."—Code 1852, §§ 3043, 3046. This provision for an allowance for such services has been carried forward in all of the codifications of the laws of the state from that time to the present, and appears in the Code of 1907 in section 3720, and the act of 1911 amending this section.—Acts 1911, p. 158. It is this provision for "all other official duties, for the compensation of which no express provision is made by law," that is generally accepted, and has for a long time been universally taken, as alone referring to and meaning ex officio services when used in this connection, and, when the Constitution makers first adopted the use of this term in that connection in section 68, it was with this fixed meaning placed upon it by the law-makers of the state. The allowance made by the county commissioners to the judge of probate for discharging duties in relation to public roads may in a sense be said to be an allowance for an ex officio service, and so may all of the other allowances or fees for which an express provision is made by law for the services of the judge of probate in a broad sense, accepting the definition that ex officio means by virtue of the office, be said in a way to be for ex officio services, but that is not the meaning that is to be attached to these words when used in the connection in which we are considering them. In

that connection, and as used in section 68 of the Constitution, they have reference to and mean those duties performed by an officer for the compensation of which no express provision is made by law. An express provision is made by law as an allowance for discharging duties in relation to public roads by the judge of probate, and such an allowance or compensation cannot be said to be for an ex officio service within the meaning of section 68 of the Constitution.

The law relating to costs and fees is penal in its nature, requiring a strict construction, and the fees and allowances of public officers must be provfded for by an enactment authorizing their collection, or the right thereto does not exist.—*Troup v. Morgan County,* 109 Ala. 162, 19 South. 503; *Torbert v. Hale County,* 131 Ala. 143, 30 South. 453.

The increase in the allowance to judges of probate for discharging duties in relation to public roads provided for by the act approved April 1, 1911, falls under the inhibition contained in section 281 of the Constitution, prohibiting the salary, fees, or compensation of an officer being increased or diminished during his term of office, and the increase will therefore not become effective during the present term of office of the judge of probate of Macon county. There is nothing in the act from which it is to be inferred that it was the legislative intent that the statute should go into effect except in conformity with constitutional requirements, and we are not to be understood as striking down the act as unconstitutional, but only as holding that it is not effective in this particular during the present term of the officer.

The condition of the record, and the facts set out in the bill of exceptions, do not fully apprise us of the exact amount the judge of probate has collected under

the supposed authorization of the act of 1911 in excess. of the amount to which he might have been entitled under the law before this amendment, and the case will be remanded for further proceedings in the trial court, in conformity with our holding.

Reversed and remanded.

(NOTE:—This case was overruled by the Supreme Court in the case of *Macon Co. v. Abercrombie*, 63 South. 985.)