# Davis, *et al. v.* Curtis.

## *Assumpsit.*

(Decided April 22, 1915.  68 South. 419.)

1. *Taxation; Assessment; Notice; Statute.*—Under Local Acts, 1903, p. 627, and section 2103, Code 1907, as amended by Acts 1911, p. 629, where the tax assessor of P. county charged a delinquent fee under section 2099, Code 1907, upon the property of the taxpayer, which he had assessed, without giving her the notice required by the statute, the taxpayer was entitled to recover such delinquent fee as against the assessor and the sureties on his bond, since such assessor was not authorized to make the demand for taxes under section 2107, Code 1907, or to charge and collect the fee for such demand until he had complied with the statute.

2. *Costs; Party Entitled; Successful Plaintiff.*—Where a taxpayer recovered a fee which the tax assessor had charged and collected,

[Davis, et al. v. Curtis.]

without notifying such taxpayer of the time and place when and where he would appear to assess property, the award of court costs to the plaintiff, including those incurred in the justice court, was proper, under the provisions of section 3662, Code 1907.

APPEAL from Pickens Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by Harriet W. Curtis against D. W. Davis, as tax assessor, and the sureties on his official bond. Judgment for plaintiff, and defendants appeal. Affirmed.

Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911.

The demurrers raise the proposition that the law was unconstitutional and that the statute did not make the sureties on the official bond of defendant liable for the penalties claimed and sought to be recovered.

HENRY A. JONES, for appellant.

PATTON & PATTON, for appellee.

THOMAS, J.— (1) The special act of the Legislature providing for the assesment of taxes in Pickens county, Alabama (Loc. Acts 1903, p. 627), is as follows: "Be it enacted by the Legislature of Alabama, that the tax assessor and tax collector of the county of Pickens be and they are hereby required to keep in an office at the county site of said county all records, books and papers pertaining to their respective offices and they shall also visit at least twice in every year for the purpose of collecting and assessing the taxes required by law, during the months of October and November, the following places in said county: Gordo, Reform, McShan, Ethelville, Pickensville, Carrollton, Benevola, Aliceville, Fairfield and such other places in said county as they may appoint."

It requires that the tax assessor shall visit certain designated places in the county twice in every year for the purpose of assessing taxes. Carrollton is one of the places designated in the act to be so visited at such time as the tax assessor's notice may indicate. If the official fails to give notice of the time, or fails to attend the appointment so made, the taxpayer is not in default, for nonassessment of taxes, and the official must forfeit all claims to fees from such persons in such precincts as were disappointed by his nonattendancee as an official.—Acts 1911, p. 629.

It is admitted that appellant, as the tax assessor, in 1911 and in 1912, gave no notice of any appointment for Carrollton, and that the only demand for assessment made on appellee was in the early part of November of each of said years. The act designated certain places in the county for attendance by the assessor during the months of October and November, and the notice of the time for his attendance at each was to inform all taxpayers that the official would be at that precinct on the date specified, for the purpose of assessing taxes, and that, on pain of the penalty for default, they must then and there discharge the public duty of returning their property for taxation. The individual who happens for the time to be the assessor may be present at such places as often as he chooses during the months of October and November, and yet the taxpayer is not required to be ready to make his return for assessment until that official has complied with the statutes as to notice.

The notice that subjects the taxpayer to penalties for non-return of taxes is not only the "demand" provided by section 2107 of the Code of 1907, but the notice required before the demand, by 20 days' "advertisement in a newspaper, if there be one published in the coun-

ty, and by bill posted at five or more public places in each election precinct of the time when and the place where he will attend to assess the taxes."—Acts 1911, p. 630. No fees can be charged unless expressly authorized by law.—Code, § 3693; *Mobile County v. Williams,* 180 Ala. 639, 61 South. 963; *Troup v. Morgan County,* 109 Ala. 162, 19 South. 503; *Tillman v. Wood,* 58 Ala. 578; *Torbert v. Hale County,* 131 Ala. 143, 30 South. 453; *Macon County v. Abercrombie et al.,* 9 Ala. App. 147, 151, 62 South. 449. Statutes imposing penalties must be strictly construed.—*L. & N. R. R. Co. v. Murphree,* 129 Ala. 432, 29 South. 592; *Birmingham M. R. Co. v. Parsons,* 100 Ala. 662, 13 South. 602, 27 L. R. A. 263, 46 Am. St. Rep. 92; *Postal Tel. Co. v. Lenoir,* 107 Ala. 640, 18 South. 266.

If the demand provided by the statute to be made on delinquent taxpayers could be made without compliance with the statute providing for 20 days' notice, the taxpayer might be prepared to go on a journey, or might not then be possessed of the data necessary for making his return, or for other reason might find it impossible or inconvenient to comply. The public have the right to rely upon the official's doing his duty by them, before they are inconvenienced or penalized. He who accepts a public office which requires him to render certain services to the state, and thus to the public, must take the office cum onere.—*Pollard v. Brewer,* 59 Ala. 130. The law may impose duties on public officers without compensation.—*Torbert v. Hale County, supra.*

The tax assessor, being required to visit each of the designated precincts twice a year, in October and November, after giving the prescribed notice by publication or posting, is not authorized to make the demand (section 2107, Code), nor to charge the fee for the demand (section 2099 of the Code), until he has com-

plied with the statutes. It must follow that any charge and collection of a fee therefor without such compliance with the statute was illegal, and may be recovered on timely and proper proceeding. It is no answer that he did not know that he had charged an illegal fee.—*Postal Tel. Co. v. Lenoir, supra; Russell v. Irby,* 13 Ala. 131; *Batchelder v. Kelly,* 10 N. H. 436, 34 Am. Dec. 174; *Lea v. Lide,* 111 Ala. 126, 20 South. 410.

The adoption of the Code of 1907 did not repeal the local statute for Pickens county, approved September 26, 1903; it being provided under the express terms of section 10 of the Code that "local, private," or special statutes * * * are not repealed by this Code." —*State v. Lamar,* 178 Ala. 77, 81, 59 South. 473; *Fulton v. State,* 171 Ala. 572, 54 South. 688; *Sou. Ry. Co. v. Jordan, infra,* 68 South. 418. The special act approved September 26, 1903, was a valid enactment of a local law. The journals affirmatively show that the same was passed in accordance with the provisions of section 106 of the Constitution.—House Journal 1903, p. 1201; Senate Journal, pp. 1100, 1896; *Childers v. Shepherd,* 142 Ala. 385, 391, 39 South. 235.

(2) There was no error in awarding plaintiff full costs, including that incurred in the justice court.— Code 1907, § 3662.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.