(75 South. 724)

## HAILS v. STATE.  (3 Div. 288.)

(Court of Appeals of Alabama. May 29, 1917.)

1. STATUTES ⚖️64(1)—PARTIAL INVALIDITY—EFFECT.

Where the invalid part of an act can be separated so as to leave the remainder intact, it will be done, unless its parts are so dependent as to indicate the Legislature intended the statute to be considered as a whole.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 58, 195.]

2. COURTS ⚖️42(3)—ESTABLISHMENT—CONSTITUTIONAL PROVISIONS.

Loc. Acts 1915, p. 9, creating the Montgomery court of common pleas, was intended to establish a court in lieu of the existing inferior court, and is therefore governed by Const. 1901, § 168, defining the jurisdiction of inferior courts, etc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 166, 167, 181–183.]

3. STATUTES ⚖️64(3)—PARTIAL INVALIDITY—EFFECT.

Loc. Acts 1915, p. 9, creating the Montgomery court of common pleas and providing in section 22 that any void sections shall not invalidate other sections, will be upheld, if possible, by eliminating any unconstitutional parts.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 60, 195.]

4. CONSTITUTIONAL LAW ⚖️26—LEGISLATIVE POWER.

The Legislature is all-powerful within the limits fixed by the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 30.]

5. CONSTITUTIONAL LAW ⚖️48—VALIDITY OF STATUTES—JUDICIAL POWER.

The courts will not declare a legislative enactment void unless the invalidity appears beyond a reasonable doubt.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Statutes, Cent. Dig. § 56.]

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. COURTS ⟨key⟩42(3) — CREATION — CONSTITUTION.**

Loc. Acts 1915, p. 9, creating the Montgomery court of common pleas to take the place of the existing inferior court which had, in turn, supplanted justices of the peace, does not violate Const. 1901, § 168, restricting the jurisdiction of inferior courts in civil cases to an amount within a justice's jurisdiction, merely because the act confers a criminal jurisdiction exceeding that possessed by a justice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 166, 167, 181–183.]

**7. COURTS ⟨key⟩54—CONSOLIDATION.**

The Montgomery court of common pleas created by Loc. Acts 1915, p. 9, was not merged into the circuit court by the consolidated court bill of 1915.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 181–183.]

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Barkley Hails was convicted of assault and battery in Montgomery court of common pleas, and, upon appeal, in the circuit court, and from the last-named conviction, he appeals. Affirmed.

The defendant was charged by an affidavit in the inferior court of Montgomery with the offense of assault and battery with an ax, was convicted by the judge of the court of common pleas of Montgomery, and from that judgment of conviction he appealed to the circuit court of Montgomery county, where a trial of said case was had de novo, and the defendant was again convicted, and from that judgment he appeals to this court. In the court of common pleas, the defendant filed pleas to the jurisdiction of the court, raising the question of the constitutionality of the act creating the court of common pleas of Montgomery, and if the act is constitutional he contends that the court was abolished by the consolidated court bill, enacted by the Legislature of 1915. There are some objections and exceptions to the evidence not necessary to be noticed.

Mark D. Brainard and Brassell & Brassell, all of Montgomery, for appellant. W. L. Martin, Atty. Gen., and Goodwyn & McIntyre, of Montgomery, for the State.

SAMFORD, J. The first question raised by this record is the constitutionality of the act creating the court of common pleas of Montgomery county, on the ground that the court was given jurisdiction in criminal matters in excess of the jurisdiction of the justices of the peace. Local Acts 1915, p. 9, etc.

[1] Where a part of an act is violative of the Constitution, and it can be separated and cut off so as to leave the act intact, it will be done, unless the parts are so materially connected and dependent as to justify the belief that the Legislature intended them as a whole, and there is an absence of good reason for the belief that the Legislature intended, if a part was incapable of taking effect, that the residue should be preserved. The whole statute must fail. Vines v. State, 67 Ala. 73; State ex rel. Crumpton v. Montgomery, etc., 177 Ala. 212, 59 South. 294; State v. Roden, 15 Ala.App. 385, 73 South. 662. In the case of State v. Roden, supra, Mr. Justice Thomas, writing for the majority of the court, said:

"If it be insisted that such inferior court of Dallas county sought to be established by this act was one of general jurisdiction, and a court of law inferior to the Supreme Court, within the provisions of section 139 of the Constitution, it is sufficient to say that the title, as well as the body, of the act shows that such was not the legislative intent in its enactment."

[2] Based upon the above authority, this court holds that in the creation of the court of common pleas of Montgomery it was the intent of the Legislature that it should be in lieu of the inferior court of Montgomery, and therefore should be covered by section 168 of the Constitution. This is disclosed both by the title and the body of the act. Local Acts 1915, p. 9. Therefore the act must stand or fall by this yardstick. It was said by Mr. Justice Thomas in the Roden Case:

"It is further clear that by the adoption of section 168 of the Constitution, the intention of the convention was that where one or more precincts lie within, or partly within, a city or an incorporated town having more than 1,500 inhabitants, the Legislature might provide, in lieu of the justices of the peace of said precinct, or precincts, an inferior court, with the same jurisdiction as that conferred on the justices of the peace whose offices are abolished by the Legislature, i. e., that section of the Constitution is a limitation upon the power of the Legislature to abolish the office of justices of the peace, as therein indicated, unless an inferior court is created in lieu thereof, in strict conformity to section 168."

In the later case of McGehee v. State ex rel. Tate, Solicitor, 199 Ala. 287, 74 South. 376, Justice Sayre, writing the opinion, in subhead 4, says:

"We held in the recent case of State v. Roden, 73 South. 657,[1] that where an inferior court is set up in lieu of justices of the peace—that is, justices [of the peace] are abolished and their powers and jurisdiction are conferred upon an inferior court—the jurisdiction of the inferior court, in respect of subject-matter, like that of the justices of the peace whom it supersedes, may not be extended to cases of libel, slander, assault and battery, or ejectment, nor to any civil case where the amount in controversy exceeds $100, but it was not decided that in every or any other respect the inferior court must be fashioned in the exact pattern of a justices' court. If it was so intended, no purpose would be served by the alternative of the Constitution, which, to state its effect as we understand it, authorizes the consolidation of all the official functions of all the justices of the peace of a number of precincts in an inferior court the civil jurisdiction of which, as to subject-matter, shall not exceed the maximum of that jurisdiction which may be conferred upon justices of the peace. It is not to be supposed that the framers of the Constitution intended to speak of justices of the peace and the inferior court as one and the same thing, but rather that they provided for their creation as judicial institutions that might be made to differ except in respect of jurisdiction as to the subject-matter of civil causes."

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 15 Ala. App. 385.

Writing for the Court of Appeals in the Roden Case, supra, Judge Brown said:

"Within the limitation •placed upon it by this section of the Constitution and section 168, the Legislature may establish such inferior courts, and confer upon them such jurisdiction and power as it may deem expedient."

[3] It is conceded that the Legislature of 1911 (Loc. Acts 1911, p. 1) by a perfectly valid act created the inferior court of Montgomery, and in said act abolished justices of the peace in certain designated precincts. The present act creates a court to be the successor of the inferior court of Montgomery county, etc., and, when measured by section 168 of the Constitution and the decisions of the Supreme Court hereinabove referred to, if it meets the requirements, or if it can be so pared of unconstitutional parts as to leave it in such condition that the Legislature would have enacted it notwithstanding the omissions, it must be upheld. That such was the intention of the Legislature is made plain by section 22 of the act (Local Acts 1915, p. 16), which provides that if any section or provision of this act shall be held to be void or unconstitutional, it shall not destroy the validity or constitutionality of any other section or provision which is not in and of itself void and unconstitutional.

A decision of this case will not require the pointing out of some provisions which might otherwise be questionable. Suffice it to say that the act could be pared of these and still leave it intact, so that it would meet the requirements of the organic law.

[4-6] In passing upon statutes, we must not overlook the fact that the Legislature is one of the co-ordinate branches of the government, composed of representatives of the people, and as such is authorized to enact any law not specifically forbidden by the Constitution. The Constitution of this state is not a grant of powers, but is a line fixed by the sovereign, to which the Legislature may go, and no further. Until that line is reached, the Legislature is all-powerful, and before courts will strike down laws that have been passed by the duly constituted representatives of the people, it must clearly appear, beyond a reasonable doubt, that the line not only has been reached, but that it has been passed. State ex rel. Vandiver v. Burke, J., 175 Ala. 561, 57 South. 870.

In the Roden Case, Mr. Justice Thomas very correctly says that section 168 is a limitation upon the power of the Legislature to abolish the offices of the justices of the peace without providing a court in lieu thereof, i. e., each precinct must have either a justice of the peace or a court duly organized and constituted to exercise the jurisdiction over matters and things cognizable before justices of the peace. Judge Brown, as hereinbefore stated, in his opinion in the same case, recognizes the same rule, and Mr. Justice Sayre, in the McGehee Case above al-

luded to and quoted from, says that the constitutional inhibition against increasing the jurisdiction and fees of justices of the peace (Constitution, § 104, subd. 21) has no application to inferior courts, in lieu of justices of the peace. The argument of the justice in the opinion in the McGehee Case on this question is unanswerable, and indeed so well interprets the intention of the framers of the Constitution as to satisfy those who were members of that body and participated in the adoption of this particular clause. It is inconceivable that the framers of the Constitution had in mind the simple substitution of one justice of the peace for two or more justices of the peace. What they did provide as a substitute was a court duly organized, equipped, regulated, and with powers sufficient to enforce its orders and decrees, and to exercise the jurisdiction of justices of the peace, in a dignified and orderly way, without increasing the civil jurisdiction, in contravention of the Constitution, as defined in the McGehee Case. The act creating the court of common pleas of Montgomery county does this. It is the successor to the inferior court of Montgomery, and has all the jurisdiction of justices of the peace. If it is so constituted as that it may render additional service to the people of Montgomery county, it certainly cannot be said that the Legislature exceeded its powers in so providing, and this defendant cannot complain.

[7] The above being the law, it follows necessarily that the court was not merged into the circuit court under the consolidated court bill, as contended by appellant.

There is no merit in the other questions raised upon the trial. There is no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.