(80 South. 112)

HERRMANN v. MOBILE COUNTY.
(1 Div. 52.)

(Supreme Court of Alabama. June 27, 1918. Rehearing Denied Nov. 4, 1918.)

1. APPEAL AND ERROR ⚖=866(1) — MATTERS REVIEWABLE—RULING ON DEMURRER.

Under Code 1907, § 3017, where plaintiff was required to take a nonsuit because defendant's demurrer to his complaint was sustained, plaintiff on appeal could assign court's ruling on the demurrer as error.

2. STATUTES ⚖=124(1) — TITLE — EX OFFICIO CLERKS OF INFERIOR COURT.

Title of act reading "to establish an inferior civil court in lieu of justices of the peace for all precincts lying within, or partly within, the city of Mobile" (Loc. Acts 1911, p. 274), held to comprehend and provide for the discharge of the duties of the clerk of the inferior civil court, created by such act, by the clerk of the inferior criminal court, and to provide for his compensation as ex officio clerk of such inferior civil court.

3. OFFICERS ⚖=94—COMPENSATION—FEES.

An officer demanding fees for services rendered must point to some clear and definite provision of the statute which authorizes the demand.

4. CLERKS OF COURTS ⚖=37—ACTION FOR FEES —COMPLAINT.

In action against county by ex officio clerk of inferior civil court for one-half of costs and fees allowed judge and clerk of certain court, in proceedings to condemn prohibited liquor under Gen. Acts 1915, p. 22, § 22, to which such clerk was entitled under Loc. Acts 1911, pp. 275, 276, §§ 9 and 10, complaint held to bring costs and fees sued for within former statute.

5. CLERKS OF COURTS ⚖=31—COMPENSATION— EX OFFICIO CLERK OF INFERIOR COURT— FEES.

Loc. Acts 1911, p. 275, § 9, giving ex officio clerk of inferior civil court the unconditional right to one-half of the costs and fees when collected, necessarily gave him the right to collect such costs and fees by appropriate proceedings out of the consolidated fund of the county, where the fine and forfeiture fund of the county, out of which costs are payable where state fails under Code 1907, § 6889, was consolidated by local act with the general fund.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by F. W. Herrmann against Mobile County. Judgment of nonsuit, and plaintiff appeals. Transferred from the Court of Appeals under section 6, p. 450, Act April 18, 1911. Reversed and remanded.

Following is plaintiff's complaint, referred to in opinion:

Plaintiff claims of the defendant the sum of $399, together with interest from the 12th day of November, 1917, for the following: Plaintiff is, and has been during all of the time hereinafter mentioned, ex officio clerk of the inferior civil court of Mobile county. As such clerk he did, during the year 1916, prepare a large number of search warrants out of said inferior court of Mobile county for the purpose of seizing certain prohibited liquors, and with connection with such cases did also issue notices to all persons claiming any right, title, or interest in said liquors seized under search warrants in all respects as required by law. He attended the trials of all of said cases and performed all the duties required of him as such ex officio clerk by law in connection with the seizure and destruction of such liquors. Embraced in Exhibit A, attached hereto and made a part hereof, is a tabulated list of the said causes, showing in the first left-hand column the date of the issuance of the search warrant, giving the number of the month, the day and the year on which such issuance took place; in the second column the place authorized to be searched; in the third column the number and page of the record kept in the inferior civil court of Mobile county in which the case is docketed; in the fourth, fifth, and sixth columns the respective items of clerk's fees in each case; and in the ninth col-

umn the date of the judgment condemning the liquors seized. In each of said cases a search warrant was issued, prohibited liquors were seized, no one appeared to contest the order of forfeiture and condemnation, and said liquors were forfeited and condemned by order of the court in each case, and the fees listed on said Exhibit A were duly taxed as costs.

Under the law creating the inferior civil court of Mobile county plaintiff, as ex officio clerk of said court, is entitled to one half of all of the judge's and clerk's fees taxed as costs and collected in the causes in the said court, and Mobile county is entitled to the other half. Under the prohibition statutes of 1915 the costs in condemnation cases against prohibited liquors when no one appears to contest the order of forfeiture and condemnation are to be taxed and paid as costs are taxed and paid in criminal prosecutions wherein the state fails. In Mobile county there is no fine and forfeiture fund, and costs so taxed become claims against the general fund of the county. Wherefore plaintiff became entitled to have from Mobile county one-half of the amount of said fees, which one-half is the aforesaid sum of $399. Within one year after the trial of the earliest of said causes, and before the bringing of this suit, plaintiff presented his said claim, duly itemized and sworn to by him, to the board of revenue and road commissioners of Mobile county, Ala., at a regular session of the said board, a copy of which itemized and sworn claim is hereto attached, marked Exhibit A, and made a part hereof. The said board of revenue and road commissioners on, to wit, the 19th day of November, 1917, refused and disallowed said claim. Wherefore petitioner sues, etc.

Stevens, McCorvey & McLeod, of Mobile, for appellant.

Gordon & Edington, of Mobile, for appellee.

THOMAS, J. The suit is by F. W. Herrmann, the ex officio clerk of the inferior civil court of Mobile, for fees disallowed by the board of revenue and road commissioners of that county.

[1] Demurrer was sustained to the complaint, and because of such adverse ruling on pleadings it became necessary for plaintiff to take a nonsuit; and, prosecuting his appeal, he now duly assigns error presenting for review this ruling of the court. Code, § 3017; Schillinger v. Wickersham, 75 South. 11;[1] Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 279, 63 South. 567; Ex parte Martin, 180 Ala. 620, 61 South. 905; A. G. S. R. R. Co. v. Altman Co., 191 Ala. 429, 67 South. 589; Priebe v. Southern Railway Co., 189 Ala. 427, 66 South. 573.

What of the constitutionality of that part of the act creating the inferior civil court of Mobile which provides for the office which appellant held—ex officio clerk—and fixes the compensation for services rendered in discharge of such official duties as such? Loc. Acts 1911, p. 274. The title of the act is:

"To establish an inferior civil court in lieu of justices of the peace for all precincts lying within or partly within the city of Mobile."

[1] 199 Ala. 612.

This act was considered and upheld, as to the right of the judge to exercise the functions and powers of the office from which he was sought to be ousted by quo warranto. State ex rel. Clarke v. Carter, 174 Ala. 266, 275, 56 South. 974, 977. In that case, after reviewing several of the objections made to the constitutionality of the act, it is said:

"It is also contended that the act is in violation of section 45 of the Constitution, in that the title contains two subjects. We cannot give our assent to this contention. * * * This title is clearly in conformity with, and not in violation of, section 45 of the Constitution. While the bill does create an inferior court, and does abolish the justices' courts, yet the declared object and purpose is to establish the one in lieu of the other, which the Constitution expressly authorizes, and which, therefore, constitutes but one subject, which is clearly expressed in the title. Finding no objection to this act, nor to any part of it which would render the whole unconstitutional and void, or which would prevent the accomplishing of its declared end of establishing an inferior court in lieu of justice courts, we are unable to affirm the judgment of the lower court in sustaining the demurrer to the petition or complaint and dismissing the proceedings." Ballentyne v. Wickersham, 75 Ala. 533; Ex parte Birmingham, 116 Ala. 186, 22 South. 454; State v. Sayre, 118 Ala. 36, 24 South. 89.

On rehearing it was further declared (State ex rel. Clarke v. Carter, supra) that the provision of the act making the judge of the inferior criminal court of said county the ex officio judge of the inferior civil court created by the act in question was not offensive to the inhibition of section 280 of the Constitution, "nor, unless otherwise provided in this Constitution, * * * notaries public, and commissioner of deeds." The same reasoning there employed as to the ex officio judge must apply to the ex officio clerk touching the discharge of his duties and compensation therefor. State v. Roden, 73 South. 657, 658;[2] State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 South. 870; Chisholm, Comptroller, v. Coleman, 43 Ala. 204, 94 Am. Dec. 677, L. R. A. 1917A, 242, note. If the title of the act was sufficiently expressed in general terms to comprehend and provide for the discharge of the duties of the office of judge and compensation therefor by the judge of the inferior criminal court, it embraced also the provisions authorizing the clerk of the inferior criminal court of Mobile county to discharge the duties of the ex officio clerk of the said inferior civil court, and provided for his compensation.

In McGehee v. State ex rel. Tate, 199 Ala. 287, 74 South. 374, 376, Mr. Justice Sayre said:

"We held in the recent case of State v. Roden, 73 South. 657,[2] that, where an inferior court is set up in lieu of justices of the peace—that is, justices are abolished and their powers and jurisdiction are conferred upon an inferior court—the jurisdiction of the inferior court in respect

[2] 15 Ala. App. 385.

of subject-matter, like that of the justices of the peace whom it supersedes, may not be extended to cases of libel, slander, assault and battery, or ejectment, nor to any civil case where the amount in controversy exceeds $100; *but it was not decided that in every or any other respect the inferior court must be fashioned in the exact pattern of a justice's court.* [Italics supplied.] If it was so intended, no purpose would be served by the alternative of the Constitution which, to state its effect as we understand it, authorizes the consolidation of all the official functions of all the justices of the peace of a number of precincts in an inferior court the civil jurisdiction of which, as to subject-matter, shall not exceed the maximum of that jurisdiction which may be conferred upon justices of the peace. It is not to be supposed that the framers of the Constitution intended to speak of justices of the peace and the inferior court as one and the same thing, but rather that they provided for their creation as judicial institutions that might be made to differ except in respect of jurisdiction as to the subject-matter of civil causes."

See Hails v. State, 16 Ala. App. 132, 75 South. 724.

[2] 1. In consonance with the decisions in Hails v. State and McGehee v. State ex rel. Tate, supra, upholding the constitutionality of acts creating such inferior courts (with clerks thereof), in lieu of justices of the peace, we hold that the provisions of the act providing for the discharge of the duties of the office of clerk by the ex officio officer designated, and for his compensation while acting in that behalf, were germane to the title of the act.

[3] 2. It is a familiar doctrine of the courts that "an officer demanding fees for services rendered must point to some clear and definite provision of the statute which authorizes the demand," and that the compensation cannot be allowed, "unless it is conferred by a strict construction of the language employed in the statute." Statutes giving costs or fees will not be extended beyond their letter. Troup v. Morgan County, 109 Ala. 162, 19 South. 503, and the cases cited.

"It is of no consequence that the law imposes the duty upon the plaintiff to perform the services alleged to have been performed if there is no provision compensating him for it. 'Those who accept public offices, which require them to render services to the state, must take the office cum onere—the rendition of such services gratuitously, unless, by express statutory provision, compensation is fixed, and an express liability for its payment imposed.' Pollard v. Brewer, 59 Ala. 130." Torbert v. Hale County, 131 Ala. 143, 145, 30 South. 453; State ex rel. Drago v. Smith, Auditor, 185 Ala. 384, 64 South. 364; Mobile County v. Williams, Judge, 180 Ala. 639, 61 South. 963; Davis et al. v. Curtis, 192 Ala. 64, 68 South. 419.

The statutory provision for the compensation of the ex officio clerk of the inferior civil court of Mobile is:

"It shall be the duty of the clerk of said court to keep a docket of all the civil cases brought before this court, such as is now required by law to be kept by justices of the peace. He shall have authority to issue all necessary summons upon complaint being filed in said court and all other civil process which justices of the peace are required or empowered by law to issue. * * * It shall be the duty of said clerk to tax and collect in each civil case the same costs, fines and fees, for the services of the judge and clerk and sheriff and witnesses as are provided under the laws of Alabama for justices of the peace and sheriffs. * * * All the costs and fees allowed the judge and clerk of said court and all the witness fees shall be collected by the said clerk, and one-half of all the costs and fees allowed to the judge and clerk of said court and collected by said clerk shall be paid by said clerk into the county treasury the first Monday of each month, provided that, the witness fees assessed and collected by the clerk shall be retained by him and paid over to the witness entitled to the same. * * * For all the services rendered in said court, the clerk shall receive one-half of all the costs and fees allowed the judge and clerk of said court and collected by said clerk of said court. * * * Whenever the words 'judge' and 'clerk' of said inferior civil court appear in this act the same shall be taken and construed to mean 'ex officio judge' and 'ex officio clerk.'" Local Acts 1911, p. 276, §§ 9, 10.

The proceedings in which the costs accrued here sued for were for the condemnation of prohibited liquors. It is provided:

"In the *event no one appears to contest the order or forfeiture and condemnation,* or if the complaint is not sustained and no judgment of forfeiture is obtained, *the costs shall be taxed and paid as costs are taxed and paid in criminal prosecutions wherein the state fails* [italics supplied], and this rule shall apply as to any separate claims when several parties appear, claim and contest and such separate claim is sustained and there is failure to obtain judgment as to the part of the liquor so claimed. Gen. Acts 1915, p. 22, § 22.

[4] The allegations of the complaint bring the costs and fees in question within this statutory provision. The reporter of decisions will set out the complaint. Under the general law the costs in cases in which the state fails are payable out of the fine and forfeiture fund of the county. Code, § 6889. By a local act the fine and forfeiture fund of the county of Mobile was consolidated with the general fund, and all claims against the fine and forfeiture fund were made payable out of such consolidated or general fund of the county. Stone, Treasurer, v. State ex rel. Holcombe, 197 Ala. 293, 72 South. 536; County of Mobile v. Powers, 103 Ala. 207, 15 South. 642; Acts 1890-91, p. 9. It follows that the fees and costs provided by the prohibition statutes for such condemnation proceedings had in the county of Mo-

bile are payable, if at all, out of the general fund of that county.

[5] The statute, by virtue of the provisions we have hereinabove set out, declared that the ex officio clerk shall receive one-half of all the costs and fees allowed by law and "collected" by him. It will be noted, in connection with that part of the statute fixing the clerk's compensation, that by a preceding provision of the statute the clerk is required to pay into the county treasury, on the first Monday of each month, one-half of all the costs and fees allowed to the judge and clerk of said court and collected by said clerk. The two provisions, one conferring the right to receive and collect said costs and fees, and the other imposing the duty to pay over to the county treasury one-half of the same, operate upon the same person, the ex officio clerk of said court. In legal effect it would follow that one-half of the total fees and costs in question, after the same had accrued and had been duly taxed and collected by the ex officio clerk, became a just claim against the general fund of the county. As to this, appellee insists that by the use of the words "collected by the clerk of said court," in section 9 of the statute, the clerk is deprived of his right to compensation, for the assigned reason that "the right to receive and the right to pay never converge in the county, but always converge in the said clerk by the very law creating said clerk." It is full reply to this argument to say that the unconditional right to one-half of the costs and fees "when collected" was in the ex officio clerk, and that after said costs and fees had accrued and were duly taxed, as such, in the respective cases in question, the unconditional right to compensation provided by the statute necessarily embraced the right to collect it, by appropriate proceedings, out of the consolidated fund of the county. Michael v. Marengo County, 52 Ala. 159; Scruggs v. Underwood, 54 Ala. 186.

The case at bar is analogous to that of County of Mobile v. Powers, 103 Ala. 207, 15 South. 642, where a suit was maintained against the county for the fees of the clerk for services rendered in cases where the state had failed in the prosecution, in cases acquitting the defendant, or those nol. prossed, or those where the indictment was quashed, and such fees were enforced of payment out of the fine and forfeiture fund of the county.

. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.