EMBRY, Justice.
This appeal by Annie Laurie Gunter as Treasurer of the State of Alabama and Colonel Jerry Shoemaker, as Director of the Alabama Department of Public Safety, is from a declaratory judgment interpreting Code 1975, § 12-19-22(b): “(b) In all cases filed prior to January 16,1977, in the circuit court or courts abolished by Acts 1975, No. 1205, all fines, costs and fees shall be assessed and distributed according to law in existence on date of filings, including monies collected on or after January 16,1977,” to be applicable to circuit clerks and registers of this state. The judgment further held that clerks and registers are entitled to receive distribution of commissions on monies collected on or after January 16, 1977, on cases filed prior to January 16, 1977, in accord with the law in existence prior to January 16, 1977. We affirm.
The 1975 Code section interpreted by the trial court is a part of what is known as the Judicial Article Implementation Act. The plaintiffs in this action are clerks and registers or clerk-registers of various judicial circuits of this state. Each of the plaintiffs had, prior to the effective date of the Implementation Act, collected commissions of five percent on sums collected by them for the State of Alabama. The law in existence just prior to January 16,1977, relating to circuit clerks’ and registers’ commissions was Tit. 11, § 22, Code of Alabama, 1940, as amended:
§ 22. Fees of clerk and register for collection of money. — The clerks and registers of the several circuit courts of the state of Alabama shall receive five percent of any sum or sums collected by such clerk or register for the state of Alabama, as compensation for the collection and remittance of the same, the said percentage to be deducted by such clerk or register making the collection from such sum or sums collected.
Act 1205 substantially changed the manner in which circuit clerks and registers in the State of Alabama were compensated. It made significant changes in the types of costs and fees collected in cases which were to be filed after the effective date of that Act.
All the appellees, clerks and registers, have collected commissions on fines, costs and fees payable to the offices of the appellants, treasurer, and director of the Alabama Department of Public Safety, in connection with cases filed prior to the effective date of the Judicial Article Implementation Act. It is the contention of appellees that because Tit. 11, § 22, Code 1940, as amended, was in existence on the date of filing of these cases, and because the clerks’-registers’ five percent commission was part of the distribution of such fines, costs and fees, they are entitled to collect and retain such commissions under the clear and unequivocal language of § 12-19-22(b). *981 They further contend that because § 12-19-22(b) provides that all such fines, costs and fees are to be assessed and distributed according to law in existence on the date of filing, this would include monies collected on or after January 16, 1977, if, in fact, the filing was prior to that date.
It is the contention of appellants that § 12-19-22(b) was included in Act No. 1205 merely to provide for the distribution of fines, costs and fees to various state and local entities during the transition period following the implementation of the Judicial Article. Further, they say, because clerks were placed on a salary basis in another section of that same act, it follows that § 12-19-22(b) was not intended to extend to the distribution of commissions to circuit clerks and registers; and that if it was so intended the act should have expressly stated that intent.
Citing Troup v. Morgan Co., 109 Ala. 162, 19 So. 502 (1895); Herrmann v. Mobile Co., 202 Ala. 274, 80 So. 112 (1918), appellants say the law of this state has long been that public officers are entitled only to such fees and costs as are expressly authorized to them, and that statutes giving costs are not to be extended beyond their letter, but are to be strictly construed. There is no question but that this is the law. However, the contention fails because the fact is that § 12-19-22(b) did expressly incorporate the law in effect prior to January 16, 1977, with respect to the distribution of fines, costs and fees collected by circuit clerks and registers on behalf of the State as was provided for in Tit. 11, § 22, Code 1940, as amended. It seems clear to us that the legislature intended by the adoption of § 12-19-22(b) to provide for the assessment and distribution of monies collected on and after January 16, 1977, including the commission in question in this case, to be distributed and paid to clerks and registers as provided in Tit. 11, § 22 so long as the filing of those cases occurred prior to the relevant date.
Appellants further contend there is a distinction between a commission and a fee, correctly stating that a commission is separate and distinct from a fee because a commission is a percentage of an amount of money paid out or received while on the other hand a fee is a set compensation paid to an officer for services rendered. In the context of the 1975 Code section under examination, and the facts of this case concerning the distribution called for by that section and the preexisting law as expressed in Tit. 11, § 22, Code 1940, as amended, the five percent commissions here involved were recipient sources to which the fines, costs and fees were to be assessed and distributed under § 12-19-22(b), by virtue of the provisions of Tit. 11, § 22, Code 1940, as amended, the law in existence on the date of those cases filed prior to January 16, 1977, including monies collected on or after January 16, 1977, out of those eases.
Prior to enactment of Act No. 1205, circuit clerks and registers were compensated either on a salary or a fee basis. Certain clerks and registers received a fixed salary from the county; others did not, receiving their compensation in the form of fees and commissions from monies generated in their courts. Those clerks and registers receiving compensation in the form of fees and commissions were commonly referred to as fee clerks and fee registers. The phrase fee clerk or fee register obtained the status of words of art, designating those clerks and registers who were compensated not by a fixed salary but by receipt of fees and commissions. It was recognized that when Act No. 1205 became effective fee clerks and registers would suffer a reduction in salary by virtue of the provisions of that act placing those individuals upon a fixed state compensation. Section 12-19-22 would cushion the transition from fee and commission compensation to salary compensation for those fee clerks and fee registers until the effective date of the establishment of the district courts which would serve as a cutoff period, that being January 16, 1977.
It appears to us that both a fair and common sense interpretation of § 12-19-22, and we so hold, is that if a clerk or register was entitled by law to collect a fee or commission before the Judicial Article was implemented on January 16, 1977, he or she *982 can collect that fee or commission from any case which was filed before January 16, 1977, under the referenced provision of the 1975 Code. If under prior law, a clerk or register was entitled to receive these monies, he or she is entitled to receive the monies on those cases filed prior to the above mentioned date whether collected after that date or not.
Appellants express concern that should this court determine that circuit clerks and registers are entitled to commissions under § 12-19-22, extreme difficulty will be encountered in attempting to equitably distribute those commissions. Appellants then proceed to state examples of fact situations which they contend illustrate the problems that might be encountered should we hold as we do in this case. We deem the fears of appellants to be exaggerated. Should problems develop in the future concerning the equitable distribution of the subject commissions, they can be dealt with on a case by case basis without any difficulty, it appears to us.
For the stated reasons the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON and ADAMS, JJ., concur.